**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| Bitseller Expert Limited, and<br>Accuracy Consulting Ltd., | Civil Action No. 1:190cv01140-AJT-JFA |
|    Plaintiffs, | |
| v. | |
| VeriSign, Inc. and<br>Does 1019, | |
|    Defendants. | |

**DECLARATION OF MATTHEW SHAYEFAR**

I, Matthew Shayefar, declare as follows:

1.      My name is Matthew Shayefar.  I am over the age of 18 years.  I make this declaration based upon personal knowledge.  All statements contained in this declaration are true and correct to the best of my knowledge.  If called as a witness, I could and would testify as to the facts set forth in this declaration.

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct printout of the historical WhoIs information for the domain name radaris.com from the date February 19, 2018 that I obtained from DomainTools.com on February 28, 2018.

3.      Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the Complaint in *Huebner v. Radaris LLC*, Case No. 3:14-cv-04735-CV (N.D. Cal.) that I obtained from PACER.

4.      Attached hereto as <u>Exhibit 3</u> is a true and correct printout of the historical WhoIs information for the domain name radaris.com from the date February 28, 2018 that I obtained from DomainTools.com on November 4, 2019.

5.      Attached hereto as <u>Exhibit 4</u> is a true and correct printout of the website at the URL https://www.verisign.com/en_US/company-information/contact-us/index.xhtml that I printed on November 4, 2019.

6.      Attached hereto as <u>Exhibit 5</u> is a true and correct copy of the printout of the website at the URL https://www.nytimes.com/2003/10/17/business/technology-verisign-sells-an-operation-that-registers-net-addresses.html that I printed on November 4, 2019.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 4, 2019

_____
Matthew Shayefar

# Exhibit
# 1

```
                    Whois_History-radaris.com-2018-02-19.txt
Domain: radaris.com
Record Date: 2018-02-19
Registrar: EuroDNS S.A
Server: whois.eurodns.com
Created: 2009-07-30
Updated: 2017-04-24
Expires: 2023-07-30

Record:
Domain Name: RADARIS.COM
Registry Domain ID: D14324302-COM
Registrar WHOIS Server: whois.eurodns.com
Registrar URL: http://www.eurodns.com
Updated Date: 2015-12-08T16:39:18Z
Creation Date: 2009-07-30T00:00:00Z
Registrar Registration Expiration Date: 2023-07-29T00:00:00Z
Registrar: Eurodns S.A.
Registrar IANA ID: 1052
Registrar Abuse Contact Email: legalservices[at]eurodns.com
Registrar Abuse Contact Phone: +352.27220150
Domain Status: clientTransferProhibited
Registry Registrant ID:
Registrant Name: Ostertag Tim
Registrant Organization: ACCURACY CONSULTING LTD.
Registrant Street: 6 Agias Elenis, Agios Dometios
Registrant City: Nicosia
Registrant State/Province:
Registrant Postal Code: 2363
Registrant Country: CY
Registrant Phone: +44.2035145353
Registrant Fax:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Ostertag Tim
Admin Organization: ACCURACY CONSULTING LTD.
Admin Street: 6 Agias Elenis, Agios Dometios
Admin City: Nicosia
Admin State/Province:
Admin Postal Code: 2363
Admin Country: CY
Admin Phone: +44.2035145353
Admin Fax:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Ostertag Tim
Tech Organization: ACCURACY CONSULTING LTD.
Tech Street: 6 Agias Elenis, Agios Dometios
Tech City: Nicosia
                              Page 1
```

```
                   Whois_History-radaris.com-2018-02-19.txt
Tech State/Province:
Tech Postal Code: 2363
Tech Country: CY
Tech Phone: +44.2035145353
Tech Fax:
Tech Email: webmaster-dept@radaris.com
Name Server: ns-1186.awsdns-20.org
Name Server: ns-60.awsdns-07.com
Name Server: ns-957.awsdns-55.net
DNSSEC: unsigned
ICANN WHOIS Data Problem Reporting System:  http://wdprs.internic.net/

Please email the listed admin email address if you wish to raise a legal issue.
```

# Exhibit
# 2

1   ANTHONY J. ORSHANSKY, Cal. Bar No.199364
    anthony@counselonegroup.com
2   JUSTIN KACHADOORIAN, Cal. Bar No. 260356
    justin@counselonegroup.com
3   COUNSELONE, P.C.
    9301 Wilshire Boulevard, Suite 650
4   Beverly Hills, California 90210
    Telephone: (310) 277-9945
5   Facsimile: (424) 277-3727

6   Attorneys for Plaintiff JOHN HUEBNER and IRMIN
    LANGTON, on behalf of themselves and others similarly
7   situated

8                        UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  JOHN HUEBNER and IRMIN LANGTON,        Case No.
    on behalf of themselves and others similarly
13  situated,                              **CLASS ACTION COMPLAINT FOR:**

14                      Plaintiffs,         **(1) Violations of the Fair Credit**
                                                **Reporting Act, 15 U.S.C. § 1681b**
15             v.                           **(2) Violation of the Fair Credit**
                                                **Reporting Act, 15 U.S.C. § 1681e**
16  RADARIS, LLC, a Massachusetts limited   **(3) Violation of the Fair Credit**
    liability company; RADARIS AMERICA,         **Reporting Act, 15 U.S.C. § 1681g & h**
17  INC., a Delaware corporation; and EDGAR **(4) Violation of the Fair Credit**
    LOPIN, an individual,                       **Reporting Act, 15 U.S.C. § 1681i**
18                                          **(5) Violation of the Fair Credit**
                        Defendants.              **Reporting Act, 15 U.S.C. § 1681j**
19                                          **(6) Violation of the Cal. Investigative**
                                                **Consumer Reporting Agencies Act,**
20                                              **Cal. Civ. Code §§ 1786 *et seq.***
                                            **(7) Violation of the Cal. Consumer**
21                                              **Credit Reporting Agencies Act, Cal.**
                                                **Civ. Code §§ 1785 *et seq.***
22                                          **(8) Violation of California Civil Code §**
                                                **3344**
23                                          **(9) Misappropriation of Likeness**
                                            **(10) False Light**
24                                          **(11) Violations of Cal. Bus. & Prof. Code**
                                                **§§ 17200 *et seq.***
25

26                                          **DEMAND FOR JURY TRIAL**

27

28

                                    CLASS ACTION COMPLAINT

Plaintiffs JOHN HUEBNER and IRMIN LANGTON (hereinafter, "Plaintiffs"), on behalf of themselves and all others similarly situated, complains of Defendants RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC. (together with Radaris, LLC, "Radaris"), a Delaware corporation, and EDGAR LOPIN, an individual, as follows:

## **NATURE OF ACTION**

1. Radaris operates a website—www.radaris.com—that allows users to search for consumers based on a number of categories, including name, email address, and phone number.

2. In response to a query, Radaris provides consumers with private, sensitive, and often erroneous information about virtually anyone in the United States. Radaris's customers can obtain information on virtually anyone's age, address, relatives, and a host of other information.

3. This information poses a threat to the personal safety of persons whose information appears on the website, where anyone in the world—including criminals—can obtain free information or purchase it with ease for a small price.

4. Radaris also compiles a large amount of employment-related information on persons, including job history, resumes, and professional reviews. Some of this information is incomplete or inaccurate and gives an inaccurate picture of the person, affecting that person's job prospects.

5. Despite Radaris's practice of compiling, creating, and selling consumer reports, the company publicly maintains that it is not a consumer reporting agency and not subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

6. Radaris also posts information and photographs of persons, including deceased persons, from various sources without their consent.

7. Plaintiffs bring this class action for violations of the FCRA, 15 U.S.C. §§ 1681 et seq.; the California Investigative Consumer Reporting Agencies Act, California Civil Code §§ 1786 et seq.; the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785 *et seq.*; and California Civil Code § 3344, among other applicable laws. Plaintiffs seek damages, penalties, and equitable and injunctive relief on behalf of themselves and others similarly situated.

///

///

CLASS ACTION COMPLAINT

**PARTIES**

8. At all times mentioned herein, Defendant Radaris, LLC was and is a Massachusetts limited liability company with its principal place of business in Brighton, Massachusetts. Radaris, LLC was and is engaged in the business of owning, operating, administering, and promoting information-sharing websites and e-commerce websites.

9. At all times mentioned herein, Defendant Radaris America, Inc. was and is a Delaware corporation with its principal place of business in Newton, Massachusetts. Radaris America, Inc. was and is engaged in the business of owning, operating, administering, and promoting information-sharing websites and e-commerce websites.

10. At all times mentioned herein, Defendant Edgar Lopin ("Lopin") is and during the facts alleged in this Complaint was an individual residing in Massachusetts engaged in the business of managing and operating Radaris. Lopin was and is an individual and managing officer of Radaris and Radaris America and, upon information and belief, substantially runs and operates and is therefore responsible for the content on the website radaris.com.

11. Defendants Radaris America, Inc., Radaris, LLC, and Lopin are collectively referred to herein as "Defendants."

12. At all times mentioned herein, Plaintiffs, and each of them, are and were residents of the State of California.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the transactionally related state law claims under 28 USC § 1367(a).

14. This Court also has jurisdiction pursuant to 28 U.S.C. § 1441(a) based on 18 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have a different citizenship from Defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

15. Venue is proper pursuant to 28 U.S.C. §§ 84(a) and 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction with respect to this action in this judicial district.

CLASS ACTION COMPLAINT

## **BACKGROUND**

16. Since at least 2011, Defendants have offered an online service allowing consumers to request background checks about virtually any person in the United States. In response to consumer requests, Defendants obtain information from various sources and assembles it into detailed reports that it provides users.

17. Such reports may contain numerous items of information, including but not limited to age, employer, current and previous addresses, phone numbers, email addresses, arrest and conviction records, the identity of relatives, property records, marriage and divorce records, and lawsuit records.

18. Much of this information is free, but consumers can obtain more detailed information for a fee, which varies depending on the level of detail desired, or by purchasing a membership.

19. The information in Defendants' reports is often inaccurate or incomplete. For example, the report on Plaintiff Huebner includes an incorrect and/or outdated work history that presented an incomplete picture of his qualifications. This was particularly harmful to Huebner because he was actively seeking employment throughout the time that Defendants displayed this inaccurate information about him and he has yet to find employment. Moreover, the report contains inaccurate information about Plaintiff Huebner's name (incorrectly listing aliases), his relatives, and his place of residence. Upon information and belief, Radaris's reports contain numerous inaccuracies which Plaintiffs and other consumers are unaware of because the company provides them with no procedure to review their files. Defendants' website also includes photographs of consumers like Plaintiffs, including photographs that are not or are no longer publicly available online or elsewhere.

20. Worse still, Defendants' procedures for correcting or deleting incomplete or incorrect information are either ineffective or non-existent. Plaintiffs, and each of them, like many other consumers, repeatedly tried to correct or remove inaccurate or incomplete information from Defendants' website via telephone and email, but to no avail. They were unable to reach anyone at Radaris by telephone who could help them remove information and were placed on interminable holds, and did not receive substantive responses to their emails. Moreover, even when Plaintiffs

CLASS ACTION COMPLAINT

and other consumers did supply information requested by Defendants as a precondition to correction, removal, or deletion, Defendants still did not remove their reports or inaccurate information and/or such information reappeared in their reports. Plaintiffs, and each of them, were unable to obtain their complete reports and verify the accuracy of the complete contents thereof.

21. In its marketing and advertising, Defendants have promoted the use of their reports as a factor in establishing a person's eligibility for credit worthiness, employment, and housing.

22. For example, Defendants advertise their service to persons and entities performing background checks specifically in making hiring decisions. The Radaris website states that its service can be used "[t]o conduct basic background checks on business partners or house help"[1] so that "[u]sers get to know professional or personal reputations prior to establishing a new relationship."[2] A blog maintained by the Defendants contains numerous references to running background checks prior to making hiring decisions.[3] Defendants also include on each profile a section that includes comments on that person's professional capacity.

23. Defendants also market their service to provide debtor and tenant reports.[4] For example, Radaris's homepage promotes the service to "[r]eport any money owed to you or damages made by others. This information becomes public and other people are put on notice. System encourages debtors to pay-off debt and compensate damages. On other hand, check if a person you are about to deal with has clean records."[5]

24. Moreover, Defendants assembles or evaluates information bearing consumers' character, general reputation, personal characteristics, and mode of living.[6]

25. Defendants advertised that their reports could be used for employment, credit, and tenant purposes and therefore expected or were aware that their reports would be used for such purposes.

---

[1] http://radaris.com/page/about (last accessed May 27, 2014).
[2] http://radaris.com/page/inthenews?id=1#1 (last accessed May 27, 2014).
[3] *See, e.g.*, http://blog.radaris.com/2014/02/24/never-hire-liar-fake-references/ (last accessed May 27, 2014).
[4] *See, e.g.*, blog.radaris.com/new-services-from-radaris-debtor-and-tenant-reports/ (last accessed May 27, 2014).
[5] https://radaris.com/ (last accessed September 8, 2014).
[6] *See, e.g.*, http://radaris.com/page/principles ("Check people's trustworthiness and reliability. Check their background information and their reputation.") (last accessed May 27, 2014).

26. Despite the stated uses of its reports, Defendants includes a disclaimer on their website stating that Radaris is not a credit reporting agency and does not offer consumer reports, and that "[n]one of the information offered by Radaris is to be considered for purposes of determining any entity or person's eligibility for credit, insurance, employment, housing, or for any other purposes covered under the FCRA."

27. At the same time, Defendants advertise their reports for a variety of other, often ambiguous, purposes, including "checking [someone's] reputation to see what others say about them," "manag[ing] risk when planning to deal with someone," check[ing] if a person you are about to deal with has clean records," and "learn[ing] about people in [your] neighborhood."[7] Defendants promote their service to enable users to "find a lost friend or family member" and "to learn your online date's history."[8]

28. Defendants also uses the names, photographs, and likenesses of California residents and deceased personalities for the purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages. Some of this content was removed from the original source but remained on the Radaris website long after.

29. Plaintiffs and upon information and belief other California residents did not give Defendants consent to use their names, photographs, and likenesses for the purpose of advertising and selling background checks and subscriptions and selling advertising space to third-party advertisers.

30. Defendants have caused Plaintiffs and other consumers actual and/or imminent harm by creating, displaying, and marketing inaccurate information about them, including harm to Plaintiffs' employment prospects, which has resulted in the loss of money or property, as well as harm to their safety and well-being. Plaintiff Huebner previously worked on government contracts, and Plaintiff Langton is a senior citizen. Plaintiffs have suffered actual harm in the form of anxiety, stress, fear, apprehension, worry and/or concern for their safety, reputation, well-being, and employment or employment prospects resulting from the dissemination of the personal information described hereinabove.

---

[7] https://radaris.com/ (last accessed September 6, 2014).
[8] https://radaris.com/page/about (last accessed September 6, 2014).

5

CLASS ACTION COMPLAINT

**CLASS ALLEGATIONS**

31. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Defendants from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("Class")

32. Plaintiffs also bring this action on behalf of the following two California subclasses (together referred to as the "California Subclasses"):

> (a) All California residents who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Defendants from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Consumer Reporting Subclass").

> (b) All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, have been used by Defendants on or in their products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without their prior consent from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Misappropriation Subclass").

33. The Class excludes counsel representing the Class, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

34. Plaintiffs reserve the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

35. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

**A.    Numerosity**

36. The potential members of the Class as defined are so numerous that joinder of all members of the Class is impracticable.  Although the precise number of putative class members has

not been determined at this time, Plaintiffs are informed and believe that the proposed Class includes millions of members.

**B.     Common Questions Predominate**

37. There are questions of law and fact common to the Class that predominate over any questions affecting only individual putative Class members.  Thus proof of a common set of facts will establish the right of each class member to recovery.  These common questions of law and fact include but are not limited to:

a.     the means and methods by which Defendants comply, distribute, and sell consumer reports to third parties;

b.     the extent and duration of Defendants' compilation, distribution, and sale of consumer reports to third parties;

c.     whether Defendants' conduct described herein constitutes a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*;

d.     whether Defendants' conduct described herein constitutes a violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 *et seq.*;

e.     whether Defendants' conduct described herein constitutes a violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq.;

f.     whether Defendants' conduct described herein constitutes a violation of Cal. Civ. Proc. Code § 3344;

g.     whether Defendants appropriated the names, likenesses, or identities of Plaintiffs and California Misappropriation Subclass members without their consent;

h.     whether Defendants publicized information or material that showed Plaintiff and California Subclass members in a false light; and

i.     whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

---

7

CLASS ACTION COMPLAINT

**C. Typicality**

38. Plaintiffs' claims are typical of the claims of the members of the putative Class because Plaintiffs' information and/or photos appeared on the Radaris website during the applicable class period without their consent and was erroneous. Plaintiffs and each Class member sustained similar injuries arising out of Defendants' conduct in violation of law. The injuries of each member of the Class were caused directly by Defendants' wrongful conduct. In addition, the factual underpinning of Defendants' misconduct is common to all members of the putative Class and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

**D. Adequacy**

39. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Counsel who represent Plaintiffs and putative class members are experienced and competent in litigating class actions.

**E. Superiority of Class Action**

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative Class members is not practicable, and questions of law and fact common to putative Class members predominate over any questions affecting only individual putative Class members. Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein. Moreover, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

41. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met because Defendants have acted or refused to act on

8

CLASS ACTION COMPLAINT

grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as whole.

42. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met because questions of law and fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

43. Plaintiffs are unaware of any difficulties in managing this case that should preclude class action.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b

#### *(Brought on behalf of the Class)*

44. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

45. The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* was enacted in 1970 to ensure, among other things, that "consumer reporting agencies" adhere to strict guidelines for maintaining and distributing fair and accurate consumer reports.

46. The FCRA creates a set of individual consumer rights and a private right of action by which to vindicate those rights.

47. Defendants are a "consumer reporting agency" ("CRA") as defined by the FCRA because they assemble or evaluate consumer reports[9] and investigative consumer reports[10] for the purpose of providing them to third parties and uses means or facilities of interstate commerce for the purpose of preparing and furnishing those reports. *See* 15 U.S.C. § 1681a(f).

---

[9]  Section 1681a(d)(1) of the FCRA defines "consumer report" as any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or other purposes identified by statute.

[10]  Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

CLASS ACTION COMPLAINT

48. Defendants are also a "nationwide specialty consumer reporting agency" as defined by the FCRA because they are "a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to (1) medical records or payments; (2) residential or tenant history; (3) check writing history; (4) employment history; or (5) insurance claims." 15 U.S.C. § 1681a(w).

49. The data Defendants compile, distribute, and/or sell to third-parties constitutes "consumer reports" as defined by the FCRA because it contains "written, oral, or other communication[s] of . . . information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

50. As alleged above, Defendants advertised that their reports could be used for credit, employment, or tenant-screening purposes, thus reflecting that Defendants expected these reports to be used for FCRA purposes.

51. Section 1681b(a) prohibits a CRA from furnishing consumer reports to persons whom the CRA does not have reason to believe have a "permissible purpose," which include use in credit transactions, insurance underwriting, employment purposes, investment purposes, and other uses specified in the FCRA.

52. The FCRA requires that every CRA maintain reasonable procedures to limit the furnishing of consumer reports to those with permissible purposes. These procedures require that the CRA, prior to furnishing a user with a consumer report, require the prospective users of the information to identify themselves to the CRA, certify the purpose for which the information is sought, and certify that the information will be used for no other purpose. The CRA must make a reasonable effort to verify the identity of each new prospective user and the uses certified prior to furnishing such user a consumer report. In addition, Section 1681e(a) prohibits a CRA from

1    furnishing a consumer report to any person it has reasonable grounds to believe will not use the

2    consumer report for a permissible purpose.

3        53. Defendants failed to maintain reasonable procedures to limit the furnishing of

4    consumer reports for permissible purposes. For example, Defendants failed to require that

5    prospective users of their reports identify themselves, certify the purposes for which the information

6    is sought, and certify that the information will be used for no other purpose. Moreover, Defendants

7    have furnished consumer reports to persons whom they have reasonable grounds to believe would

8    not use the consumer report for a permissible purpose.

9        54. By failing to limit the furnishing of reports to those who had a permissible purpose

10   to use such a report, Defendants have violated 15 U.S.C. § 1681e(a).

11       55. Further, Section 1681b(b)(1) of the FCRA mandates that a CRA only furnish a

12   consumer report for employment purposes if it ensures that the person who obtains the report

13   complies with certain disclosure requirements ("FCRA disclosures").

14       56. The FCRA disclosures inform consumers that a consumer report may be used for

15   employment purposes and inform employers that they must provide consumers with certain

16   information if any adverse action is taken based in whole or in part on the report.

17       57. As alleged above, Defendants promote their services to employers for use in making

18   employment decisions.

19       58. Defendants have furnished consumer reports for employment purposes but has failed

20   to make the FCRA disclosures required by Section 1681b.

21       59. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the

22   alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

23       60. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining

24   Defendants' conduct described herein and awarding themselves and the Class the maximum

25   statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

26   ///

27   ///

28   ///

---

11

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e

*(Brought on behalf of the Class)*

61. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

62. Section 1681e(d)(1) of the FCRA requires that a CRA provide to any person who regularly and in the ordinary course of business furnishes information about any consumer to the consumer reporting agency ("Furnisher") a "Notice to Furnishers of Information:  Obligations under the FCRA" ("Furnisher Notice").

63. Section 1681e(d)(2) requires that a CRA provide to any person to whom it provides a consumer report ("Users") a "Notice to Users of Consumer Reports:  Obligations to Users under the FCRA" ("User Notice").

64. The Furnisher Notices and User Notices inform Furnishers and Users of their responsibilities under the FCRA, such as a Furnisher's responsibility to provide accurate information or a User's responsibility to provide adverse-action notice.

65. Defendants have failed to provide Furnisher Notices to Furnishers and User Notices to Users as required by the FCRA.

66. Moreover, Section 1681e(b) mandates that when a CRA prepares a consumer report that is shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

67. Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of the information that they provide in their consumer reports.  Indeed, Defendants repeatedly admit that they do not make any effort to verify or evaluate its data.

68. By and through the acts and practices described herein, Defendants have violated 15 U.S.C. § 1681e(b).

69. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above. ///

---

CLASS ACTION COMPLAINT

70. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE FAIR CREDIT REPORTING ACT,**

**15 U.S.C. § 1681g & h**

*(Brought on behalf of the Class)*

71. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

72. Defendants violated Section 15 U.S.C. § 1681g of the FCRA by failing to disclose to Plaintiffs and other members of the Class, among other things, all the information in the their files when they request file disclosures, failing to disclose the sources of that information, failing to identify each person who procured a consumer report, and failing to provide them with a summary of rights prepared by the Bureau of Consumer Financial Protection.

73. Moreover, Defendants violated Section 15 U.S.C. § 1681h of the FCRA by failing to provide the foregoing disclosures in writing or by other means agreed upon by the Plaintiffs and other members of the Class, and by failing provide trained personnel to explain to consumers the information disclosed.

74. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

75. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

///

///

///

///

///

13

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT,

### 15 U.S.C. § 1681i

### *(Brought on behalf of the Class)*

76. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

77. Defendants violated Section 15 U.S.C. § 1681i of the FCRA by failing, upon notification by Plaintiffs and other members of the Class, to conduct a reasonable reinvestigation to determine whether disputed information contained in their consumer reports was inaccurate, delete or modify this information within 30 days, and notify Plaintiffs and other members of the Class of the result of the reinvestigation consistent with 15 U.S.C. § 1681i(a)(6)(B).

78. Furthermore, Defendants violated this section by failing to maintain reasonable procedures to prevent the reappearance of deleted material in consumer reports and provide Plaintiffs and other members of the Class with notice of any reinsertion within five days of reinsertion. Nor did Defendants provide Furnishers with notification of the dispute and provide them with relevant information regarding the dispute.

79. Moreover, whenever information was deleted, Defendants failed to notify Plaintiffs and other members of the Class by telephone and in writing and inform them of their right to request that notice of the deleted disputed information be provided to persons who had obtained their reports.

80. Defendants' failure to comply with the FCRA as alleged herein was willful or, in the alternative, negligent, and as a result Plaintiffs and the Class have suffered harm, as alleged above.

81. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n and/or actual damages.

///

///

///

14

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681j**

***(Brought on behalf of the Class)***

82. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

83. Section 1681j(a)(1)(C) of the FCRA directs the Federal Trade Commission ("FTC") to establish streamlined processes for consumers to request free annual file disclosures. The FTC promulgated the Streamlined Process Rule, which is codified at 12 C.F.R. §§ 1022.130 *et seq.* The rule requires, among other things, that a nationwide specialty CRA, like Radaris, provide consumers with a toll-free number to request annual file disclosures and that the telephone number is prominently posted on any website owned or maintained by the nationwide specialty consumer reporting agency, as well as instructions to request disclosures by any additional available request methods.

84. Defendants have failed to establish the processes required by the Streamlined Process Rule. In particular, Defendants have failed to post a toll-free telephone number on the Radaris website through which consumers can request free annual file disclosures.

85. As a result of the conduct described herein and the willful violations of Sections 1681e(d) and 1681e(b), Plaintiffs and the Class have suffered harm as described herein. Plaintiffs, on their own behalf and behalf of the Class, seek an order enjoining Defendants' conduct described herein and awarding themselves and the Class the maximum statutory damages available under 15 U.S.C. § 1681n.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**

**AGENCIES ACT ("ICRAA"), CAL. CIV. CODE §§ 1786 *ET SEQ.***

***(Brought on behalf of the California Consumer Reporting Subclass)***

86. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

///

---

15

CLASS ACTION COMPLAINT

87. Radaris is an "investigative consumer reporting agency" under the ICRAA because it engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties for monetary fees or dues.

88. The data Defendants furnish constitutes "investigative consumer reports" under the ICRAA because it contains information on a consumers' character, general reputation, personal characteristics, or mode of living which Defendants obtain through any means.

89. The ICRAA requires every investigative consumer reporting agency to, upon request and proper identification of any consumer, allow the consumer to visually inspect all files maintained regarding the consumer at the time of the request. Cal. Civ. Code § 1786.10(b). An investigative consumer reporting agency that provides an investigative consumer report to a person other than the consumer shall make a copy of that report available, upon request and proper identification, to the consumer for at least two years after the date that the report is provided to the other person. Cal. Civ. Code § 1786.11.

90. The investigative consumer reporting agency must identify the recipients of any investigative consumer report on the consumer that the investigative consumer reporting agency has furnished for any purpose within the three-year period preceding the request. Cal. Civ. Code § 1786.10(c).

91. Defendants violate the ICRAA because they do not allow consumers to inspect all files maintained on the consumer and do not make a copy of a report available, upon request and proper identification, to the consumer when Defendants provide a report to a person other than the consumer; nor do Defendants identify the recipients of any report on the consumer that Defendants have furnished within the preceding three-year period.

92. Moreover, Defendants fail to maintain reasonable procedures designed to limit furnishing of consumer reports for purposes specified under Section 1786.12 of the ICRAA, including requiring prospective users of the information to identify themselves, certify the purposes for which the information is sought and that the information will be used for no other purposes, and certify that they have made applicable disclosures to consumers under Section 1786.16(a)(4)

CLASS ACTION COMPLAINT

1   consisting, among other things, of a clear and conspicuous disclosure in writing to consumers that

2   an investigative consumer report may be obtained, the permissible purpose of the report, the scope

3   of the investigation, and name and contact information of the investigative consumer reporting

4   agency.

5          93. In violation of the ICRAA Defendants make no effort to verify the identity of a new

6   prospective user of its reports and the uses by the prospective user prior to furnishing the user any

7   investigative consumer reports; nor do Defendants obtain the written agreement from users that its

8   reports will be used only for the purposes listed in Section 1786.12.

9          94. As alleged above, Defendants' reports contain numerous inaccuracies, and the

10  company does not follow reasonable procedures to assure the maximum possible accuracy of the

11  information concerning the individual about whom the report relates.  Moreover, Defendants do not

12  maintain strict procedures designed to ensure that whenever public report information which is

13  likely to have an adverse effect on a consumer's ability to obtain employment is reported it is

14  complete and up to date.

15         95. Nor do Defendants have an effective procedure for reinvestigating and correcting or

16  deleting inaccurate or incomplete information in compliance with Section 1786.24 and, in direct

17  violation of that section, allows for the reinsertion of incomplete or inaccurate information after it

18  has been deleted and/or fails to maintain reasonable procedures designed to prevent the reappearance

19  in the file of a consumer and in investigative consumer reports of information that has been deleted

20  and fails to provide appropriate notices to the consumer that information has been deleted and their

21  right that notice of such deletion not be furnished to persons who have received investigative

22  consumer reports.  Indeed, Defendants state that they cannot permanently remove information from

23  their reports.

24         96. As a result of Defendants' conduct described and their grossly negligent or willful

25  violations of the ICRAA, Plaintiffs and the Class have suffered harm as described herein and seek

26  damages and equitable relief, including injunctive relief, together with reasonable attorneys' fees

27  and costs.

28  ///

---

17

**CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA"), CAL. CIV. CODE §§ 1785 *ET SEQ.*

#### (*Brought by Plaintiffs on behalf of the California Consumer Reporting Subclass*)

97. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

98. Plaintiffs are consumers within the meaning of Cal. Civ. Code § 1785.3(b).

99. Defendants are a consumer credit reporting agency within the meaning of Cal. Civ. Code § 1785.3(d).  Defendants prepare and sell consumer credit reports within the meaning of Cal. Civ. Code §1785.3(c) in connection with transactions not initiated by the consumer and to third parties other than the consumer about whom the report is created and sold.

100. Defendants violated California Civil Code Section 1785.10(a)-(c) by failing to allow Plaintiffs and other members of the Class to inspect the files maintained by Defendants regarding them in response to their requests.  Defendants violated Cal. Civ. Code § 1785.10(d) and (e) by failing to provide Plaintiffs and other members of the Class with the identity of recipients of reports regarding Plaintiffs and Class members or to identify inquiries regarding their files.

101. Defendants violated Cal. Civ. Code §§ 1785.11 and 1785.14 by failing to restrict the dissemination of reports regarding Plaintiffs and other members of the Class to recipients meeting the criteria specified in Sections 1785.11(a) and (b) and 1785.14(a) of the CCRAA.

102. Defendants violated Cal. Civ. Code § 1785.14(b) by failing to ensure that reports regarding Plaintiffs and Class members contained the maximum possible accuracy of the information contained therein.

103. Defendants violated Cal. Civ. Code § 1785.15 by failing to honor the requests of Plaintiffs and other Class members for copies of their files, as set forth in Section 1785.15.

104. Defendants violated Cal. Civ. Code § 1785.16 by failing to provide methods for Plaintiffs and other Class members to dispute information contained in their credit reports, to provide for correction and deletion of information in reports and to avoid reinsertion of inaccurate information in reports.

105. Defendants failed to "maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date," in violation of Cal. Civ. Code § 1785.18(b).

106. Defendants failed to "specify in any report containing public record information the source from which that information was obtained, including the particular court, if there be such, and the date that the information was initially reported or publicized," in violation of Cal. Civ. Code § 1785.18(a).

107. As a result of Defendants' failure to comply with the CCRAA, Plaintiffs and other Class members have suffered injury as alleged herein.

108. Based on the foregoing, Defendants are liable to Plaintiffs and the putative Class for monetary damages, civil penalties, and injunctive relief, for both willful and negligent violations of the CCRAA, as permitted by Cal. Civ. Code § 1785.31.

## **EIGHTH CAUSE OF ACTION**

### **VIOLATION OF CALIFORNIA CIVIL CODE § 3344**

#### ***(Brought by Plaintiffs on behalf of the California Misappropriation Subclass)***

109. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

110. As alleged hereinabove, Defendants have knowingly used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities for purposes of advertising and selling background checks and subscriptions and also attracting third-party advertisers whose ads appear on profile pages.

111. Defendants have used the names, photographs, or likenesses, of Plaintiffs and other California consumers and deceased personalities without their consent.

112. As a direct and proximate result of said acts by Defendants, Plaintiffs and other California consumers have suffered damages, in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by them as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages.

113. In doing the acts alleged herein, Defendants, by and through its agents and representatives, acted with malice, oppression, or fraud and with a willful and knowing disregard of the rights or safety of Plaintiffs and other California consumers and has subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights by publicly disseminating inaccurate information with the intention of depriving them of their property rights and has acted with reckless disregard to their safety and reputation, as described herein above.

114. Defendants will continue using the misappropriated likenesses of Plaintiffs and other California consumers members for purposes of promoting their website and online presence, selling consumer reports and advertising space, and for its overall advantage, including but not limited to commercial gain and profit. Unless and until enjoined and restrained by order of this Court, Defendants' continued use of the names, photographs, or likenesses of Plaintiffs and other California consumers will cause great and irreparable injury in the form of ongoing threats to their security and reputations.

115. Plaintiffs and other California consumers have no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages alone will not end the invasion of their right of privacy or suffice to fully remedy their injuries.

## NINTH CAUSE OF ACTION

### INVASION OF COMMON LAW RIGHT OF PRIVACY – UNAUTHORIZED MISAPPROPRIATION OF LIKENESS

*(Brought by Plaintiffs on behalf of the California Subclasses)*

116. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

117. By virtue of Defendants' wrongdoing and the facts alleged herein above, Defendants, separate and apart from any statutory violation of California Civil Code §3344, committed an invasion of Plaintiffs' and other consumers' right of privacy by using their names, likenesses, and identities without their permission.

118. The misappropriation of the names, likenesses, and identities of Plaintiffs and other members of the California Subclass was to Radaris's advantage in that Defendants used and

20

CLASS ACTION COMPLAINT

disseminated their names, likenesses, and identities to promote their website, sell advertising space, and sell consumer reports, and for their overall advantage.

119. The appropriation was unauthorized and without the consent or the consent of Plaintiffs or other members of the California Subclass.

120. As a proximate result of the above misappropriation of likenesses, Plaintiffs and Class members were exposed to loss of reputation, humiliation, embarrassment, fear for their safety, hurt feelings, mental anguish, and suffering, all to their general damage in an amount according to proof.

121. In making the misappropriation described above Defendants, by and through its agents and representatives, acted with malice, oppression, or fraud and with a willful and knowing disregard of the rights or safety of Plaintiffs and other California consumers and has subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights by publicly disseminating inaccurate information with the intention of depriving them of their property rights and has acted with reckless disregard to their safety and reputation, as described herein above.

## TENTH CAUSE OF ACTION

### INVASION OF COMMON LAW RIGHT OF PRIVACY - PUBLICLY PLACING PERSON IN FALSE LIGHT IN THE PUBLIC EYE

*(Brought by Plaintiffs on behalf of the California Subclasses)*

122. Plaintiffs re-allege the foregoing paragraphs of this Complaint and incorporate the same by reference as though set forth at length herein.

123. Defendants, without Plaintiffs' consent and the consent of other California Subclass members, invaded Plaintiffs' and other California Subclass members' right of privacy by publicizing information or material that showed them in a false light. As alleged above, the reports created by Defendants contain numerous inaccuracies, including inaccuracies relating to age, address, profession, and relatives, as well as incorrect or dated photographs.

124. The false light created by the publication of this information or material would be highly offensive to a reasonable person in Plaintiffs' position and in the position of other California Subclass members, especially those, like Plaintiff Huebner, who are seeking employment and the

21

CLASS ACTION COMPLAINT

information Defendants report is incorrect or incomplete. Moreover, being reported as a different age or, though photographs or other images, shown as being a different person is highly offensive to reasonable people.

125. In creating the publicity described hereinabove, Defendants were negligent in determining the truth of the information or whether a false impression would be created by its publication, or else knew that the publication would create a false impression about Plaintiffs and other members of the California Subclass or acted with reckless disregard for the truth. In fact, Defendants admit that they took no measures to ensure to accuracy of the information before it is published and has been contacted by numerous members of the Class, including Plaintiffs, regarding inaccuracies in its reports but has failed to timely remedy them.

126. As a proximate result of the above-mentioned disclosure and depictions, Plaintiffs and California Subclass members suffered harm, including but not limited to mental and emotion distress, apprehension for their safety, loss of time, injury to their reputation, and detriment to their job prospects and in their professions, and consequently, Plaintiffs and California Subclass members are entitled to general damages in an amount according to proof.

127. In doing the acts alleged herein, Defendants, by and through their agents and representatives, acted with malice, oppression, or fraud and with a willful and knowing disregard of the rights or safety of Plaintiffs and other California consumers and has subjected them to cruel and unjust hardship and humiliation in conscious disregard of their rights by publicly disseminating inaccurate information with the intention of depriving them of their property rights and has acted with reckless disregard to their safety and reputation, as described hereinabove.

128. Plaintiffs believe that Defendants will continue disclosing the above information. Unless and until enjoined and restrained by order of this Court, Defendants' continued publication will cause Plaintiffs and other California Subclass members great and irreparable injury. Plaintiffs have no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages will not end the invasion of their privacy and the privacy of other members of the California Subclass.

# **ELEVENTH CAUSE OF ACTION**

## **UNLAWFUL AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

### *(Brought by Plaintiffs on behalf of the California Subclasses)*

129. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

130. California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice. A business need only meet one of the three criteria to be considered unfair competition.

131. An unlawful business practice is anything that can properly be called a business practice that at the same time is forbidden by law.

132. As described above, Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violates numerous provisions of the FCRA, CCRAA, ICRAA, as well as Cal. Civ. Code § 3344 and California common law relating to invasion of privacy.

133. Defendants have also violated the "unfair" prong of the UCL in that it gained an unfair business advantage by failing to produce accurate reports and otherwise take necessary steps to adhere to the FCRA, CCRAA, and ICRAA and California's statutory and common law relating to invasion of privacy, a practice that is substantially injurious to consumers and violates public policy, and is immoral, unethical, oppressive, and unscrupulous because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

134. Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' or California Subclass members' rights.

135. As a direct and proximate result of Defendants' conduct as alleged herein and its willful violations of the UCL, Plaintiffs and California Subclass members have lost money or property and suffered harm as described here, including but not limited to loss to their reputations in their personal and professional capacities, the misappropriation of his likenesses, fear for their security, and detriment to employment opportunities, among other things.

136. Pursuant to California Business & Professions Code § 17203, Plaintiffs seek an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein and/or ordering Defendants to perform their obligations under the law and the cancellation of any illegal obligations.

137. Plaintiffs additionally request an order from the Court requiring that Defendants to provide complete equitable relief, including but not limited to that Defendants disgorge profits and return or pay to Plaintiffs and the members of the California Subclass all of their ill-gotten gains obtained from the unlawful and unfair conduct alleged herein. Plaintiffs also request a court order that an asset freeze or constructive trust be imposed over all monies in Defendants possession which rightfully belongs to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the other members of the putative class, prays as follows:

A. For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed the class representatives, and that Plaintiffs' counsel be appointed counsel for the class;

B. For compensatory damages according to proof, including general and special damages;

C. For statutory damages to the maximum extent allowable;

D. For an order declaring that Defendants' actions, as set out above, violate the FCRA, ICRAA, CCRAA, Cal. Civ. Code § 3344, and Cal. Bus. & Prof. Code § 17200 *et seq.*;

E. For injunctive relief as alleged hereinabove;

F. For punitive damages for causes of action for which they are available;

G. For an order awarding reasonable attorneys' fees and the costs of suit herein;

H. For an award of pre- and post-judgment interest;

I. For an order requiring an accounting for, and imposition of, a constructive trust upon all monies received by Defendants as a result of the unfair and unlawful conduct alleged herein; and

J. Such other and further relief as may be deemed necessary or appropriate.

CLASS ACTION COMPLAINT

1

## <u>JURY DEMAND</u>

2

Plaintiffs hereby demand a jury trial on all issues so triable.

3

4     DATED:        October 24, 2014                    COUNSELONE, PC

5

6                                                    By */s/ Anthony J. Orshansky*
                                                        Anthony J. Orshansky
7                                                       Justin Kachadoorian
                                                        Attorneys for Plaintiffs and the Putative
8                                                       Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**LABOR**<br>**SOCIAL SECURITY** | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | ❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ❏ Yes ❏ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

(Place an "X" in One Box Only)

( ) SAN FRANCISCO/OAKLAND ( ) SAN JOSE ( ) EUREKA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Exhibit
3

```
Domain: radaris.com
Record Date: 2018-02-28
Registrar: GoDaddy.com, LLC
Server: whois.godaddy.com
Created: 2009-07-30
Updated: 2018-02-27
Expires: 2023-07-30

Record:
Domain Name: radaris.com
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Updated Date: 2018-02-26T21:33:53Z
Creation Date: 2009-07-30T16:13:08Z
Registrar Registration Expiration Date: 2023-07-30T16:13:08Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited
http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited
http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited
http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID: Not Available From Registry
Registrant Name: Registration Private
Registrant Organization: Domains By Proxy, LLC
Registrant Street: DomainsByProxy.com
Registrant Street: 14455 N. Hayden Road
Registrant City: Scottsdale
Registrant State/Province: Arizona
Registrant Postal Code: 85260
Registrant Country: US
Registrant Phone: +1.4806242599
Registrant Phone Ext:
Registrant Fax: +1.4806242598
Registrant Fax Ext:
Registrant Email: radaris.com@domainsbyproxy.com
Registry Admin ID: Not Available From Registry
Admin Name: Registration Private
Admin Organization: Domains By Proxy, LLC
Admin Street: DomainsByProxy.com
Admin Street: 14455 N. Hayden Road
Admin City: Scottsdale
Admin State/Province: Arizona
Admin Postal Code: 85260
Admin Country: US
```

```
Admin Phone: +1.4806242599
Admin Phone Ext:
Admin Fax: +1.4806242598
Admin Fax Ext:
Admin Email: radaris.com@domainsbyproxy.com
Registry Tech ID: Not Available From Registry
Tech Name: Registration Private
Tech Organization: Domains By Proxy, LLC
Tech Street: DomainsByProxy.com
Tech Street: 14455 N. Hayden Road
Tech City: Scottsdale
Tech State/Province: Arizona
Tech Postal Code: 85260
Tech Country: US
Tech Phone: +1.4806242599
Tech Phone Ext:
Tech Fax: +1.4806242598
Tech Fax Ext:
Tech Email: radaris.com@domainsbyproxy.com
Name Server: NS09.DOMAINCONTROL.COM
Name Server: NS10.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

Exhibit
4



**VERISIGN**®

SUPPORT

  

SCOVER DOMAIN NAMES

EXPLORE REGISTRY SERVICES

ABOUT VERISIGN

HOME    ABOUT VERISIGN    CONTACT US

# Contact Us

Verisign has business offices in North America, India, China, Switzerland and Australia. For Customer Support or Product Sales inquiries, please contact us using the information provided below.

## CUSTOMER SUPPORT

**Domain Registry Services**
Toll Phone: 1-703-925-6999
Technical Support Chat
Email Support

**DDoS Protection Services**
Toll Free Phone: 1-866-200-1979
Toll Phone: 1-703-376-6905
Email Support

**Verisign Managed DNS**
Toll Free Phone: 1-877-839-4710
Toll Phone: 1-703-376-6907
Email Support


Share

Verisign Worldwide Headquarters
12061 Bluemont Way
Reston, VA 20190
Phone: 1–703–948–3200

Directions

## MORE CONTACTS

Careers at Verisign
Email an expert

Public Relations
Phone: 1–703–948–3800

Email an expert

Government Relations
Phone: 1–703–948–3815

Email an expert

Investor Relations
Investor Relations Dept.
12061 Bluemont Way
Reston, VA 20190
Phone: 800–922–4917
Email an expert

## ASIA–PACIFIC

China
Verisign Internet Technology
Services (Beijing) Co., Ltd
Suite 1517 and Suite 1520, 15/F
Office Building A, Parkview Green
9 Dongdaqiao Road
Chaoyang District, Beijing 100020
Tel: +86–10–5730–6151

India
Verisign Services India Pvt Ltd.,
807–A, Park Centra
Sector–30 NH–8
Gurgaon, Haryana
Phone: +91 12 44292600

## EUROPE



Share

Europe Headquarters

**Verisign Sarl**

Route du Petit Moncor 1E

2nd Floor

Villars sur Glane

1752

Switzerland

Tel: +41 (0)26 408 7778

Fax:+41 (0)26 401 3086

Email: info-emea@verisign.com

---

## AUSTRALIA

Australia Headquarters

**Verisign Australia**

Level 10, 5 Queens Road

Melbourne, Victoria 3004

Phone: +61 3 9926 6700

Fax: +61 3 9926 6788

---

## PERMISSIONS

To obtain permission to use Verisign's logo, copyright or other trademarked assets, please email an expert.

---

DOMAIN NAMES

.COM

.NET

EXPLORE REGISTRY SERVICES

BECOME A DOMAIN NAME REGISTRAR

ABOUT VERISIGN

EXECUTIVE TEAM

INVESTOR RELATIONS

SUPPORT

CONTACT US

BLOG

Share

FIND A REGISTRAR

WHOIS

ZONE FILE INFORMATION

INTERNET RESOLUTION

THE VERISIGN DOMAIN NAME INDUSTRY BRIEF

PUBLIC DNS

REGISTRAR SERVICES AND PRODUCTS

NEW GTLD SERVICES

## SECURITY SERVICES

TECHNOLOGY EVENTS

CAREERS

VERISIGN LABS

LEGAL NOTICES      PRIVACY (UPDATED)      REPOSITORY      SITE MAP

© 2019 VeriSign, Inc. All rights reserved.

VERISIGN, the VERISIGN logo, and other trademarks, service marks, and designs are registered or unregistered trademarks of VeriSign, Inc. and its subsidiaries in the United States and in other countries.

All other trademarks are property of their respective owners.


Share

Exhibit
5

## The New York Times

TECHNOLOGY

# TECHNOLOGY; VeriSign Sells An Operation That Registers Net Addresses

**By John Schwartz**

Oct. 17, 2003

VeriSign Inc., the company that controls many of the major functions of the Internet under government contract, sold off the part of its business that is best known to consumers to a private equity firm yesterday for $100 million.

VeriSign bought the business, Network Solutions, three years ago, during the Internet boom, for $15.3 billion. It took a $9.9 billion write-down on that investment a year later. It is now selling the portion of the company that registers domain names for Internet sites to Pivotal Private Equity, a company based in Phoenix.

VeriSign will keep the other major portion of Network Solutions, which manages major portions of the vast infrastructure connecting Internet users to Web sites whose names end in .com and .net. That business handles more than 10 billion interactions each day.

''We believe that this transaction will strategically position VeriSign to focus exclusively on our core mission of providing critical infrastructure services for the Internet and telecommunication networks, while allowing Network Solutions to pursue its own independent strategy in the Web presence market,'' Stratton D. Sclavos, VeriSign's chairman and chief executive, said in the company's announcement.

Tom Galvin, a spokesman for VeriSign, said the Network Solutions registrar business ''really didn't fit into our long-term strategy.'' VeriSign will retain a 15 percent stake in Network Solutions. The sale is expected to close by the end of the year.

The deal has been expected for some time by Wall Street. Although the registrar business makes money, its profitability has been declining in an increasingly brutal market, said Drew Brosseau, an analyst with SG Cowen Securities. The portion that is being sold off ''isn't really well aligned with what VeriSign is trying to build,'' he said, and so the sale ''removes a ball and chain from their ankle.''

VeriSign shares rose 66 cents, or 4.5 percent, to $15.46.

Selling Network Solutions will not affect a controversial VeriSign initiative known as Site Finder, which the company calls a service to help consumers navigate the Internet more easily.

When consumers mistype Web site names, Site Finder redirects them to a page that helps them search for Internet sites -- and, the company hopes, generates advertising revenue for VeriSign.

Internet technology experts objected to Site Finder, which VeriSign introduced with little warning, because they said it disrupted some Internet systems and caused network engineers to spend countless hours accommodating or circumventing it. They argued that the site was an abuse of the company's monopoly, and they took their complaints to the Internet Corporation for Assigned Names and Numbers, or Icann, which oversees many critical aspects of the Internet and which began an unusual investigation.

VeriSign closed Site Finder earlier this month, but this week it announced that it planned to bring the site back after making adjustments to address some of the complaints.

A version of this article appears in print on Oct. 17, 2003, Section C, Page 4 of the National edition with the headline: TECHNOLOGY; VeriSign Sells An Operation That Registers Net Addresses