## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| Bitseller Expert Limited; | |
| Accuracy Consulting, Ltd., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-1140-AJT-JFA |
| | ) |
| Verisign, Inc; Does 1-10, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## JOINT DISCOVERY PLAN PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order (ECF No. 23) entered October 22, 2019, a meeting was held on November 5, 2019, at 1:00 p.m. EST by telephone conference and was attended by:

> Matthew Shayefar
> Boston Law Group, PC
> Counsel for Plaintiffs Bitseller Expert Limited and Accuracy Consulting Ltd.

> Timothy B. Hyland
> Tyler Southwick
> Hyland Law PLLC
> Counsel for Defendant VeriSign, Inc.

> James S. Blackburn
> Arnold & Porter LLP
> Counsel for Defendant VeriSign, Inc.

The parties have discussed the nature and basis of their claims and defenses. By their respective counsel, the parties jointly propose the following discovery plan:

## PLAN OF DISCOVERY

| Description | Date |
|---|---|
| Rule 16(b) Pretrial Conference | November 13, 2019 at 11:00 a.m. |
| Final Pretrial Conference | March 19, 2020 at 10:00 a.m. |
| Discovery Cut-Off (Completed By) | March 13, 2020 |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | December 13, 2019 |
| Expert Disclosures by Plaintiffs under Fed. R. Civ. P. 26(a)(2) | January 27, 2020 |
| Opposing Expert Disclosures by Defendant under Fed. R. Civ. P. 26(a)(2) | February 21, 2020 |
| Plaintiffs' Disclosure of evidence that is solely contradictory or rebuttal evidence to Defendant's expert disclosures | March 2, 2020 |

The parties jointly propose the following pursuant to Fed. R. Civ. P. 26(f)(3):

1.      No changes should be made in the form or requirement for disclosures under Rule 26(a)(1), which will be made by each party on or before December 13, 2019.

2.      The scope of discovery will be limited to those topics permissible under Federal Rule of Civil Procedure 26(b) as presented by the pleadings and discovery responses.  The parties anticipate that depositions may be taken of the following witnesses:  One or more designees of each of the corporate parties as may be necessary, any fact witnesses identified by the parties during the course of discovery, the parties' respective liability and damages witnesses, Plaintiffs'

2

expert witnesses (if any), and Defendant's expert witnesses (if any).  In addition, the parties anticipate that they will engage in third party document and deposition discovery, including from (i) the registrars of the radaris.com domain name at issue in this action; (ii) certain corporate entities and individuals involved in the action captioned *Huebner v. Radaris, LLC et al.*, Case No. 3:14-cv-4735, in the United States District Court for the Northern District of California; and (iii) certain corporate entities and individuals that appear to be related to Plaintiffs or this matter.

3.     Discovery will be completed in accordance with the discovery plan above, and the Court's Pretrial Orders.

4.     There are no known issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.  The parties agree to produce documents in .PDF file format. and provide the same electronically on a CD disk, thumb drive, or by file sharing service or protocol.  If either party requests documents or electronically stored information in native format, or in a specific format other than how provided, the parties have agreed to meet and confer to determine a format that is reasonable.

5.     There are no known issues about claims of privilege or of protection as trial-preparation materials at this time – all parties will adhere to the requirements set forth in Fed. R. Civ. P. 26 with respect to discovery objections, privilege logs and withholding of information under claims of privilege or of protection as trial-preparation materials.  The parties have agreed that communications by or from counsel, and attorney work product and trial preparation materials generated in anticipation of litigation, after the date of filing of Plaintiffs' original complaint in the Central District of California, need not be disclosed on a privilege log, but that all other documents, communications or information withheld pursuant to claims of privilege, work product, trial

preparation or other applicable privilege will be identified in a privilege log to be served with each party's responses to discovery.

6.      If a protective order is deemed necessary to govern the dissemination and disclosure of certain documents produced in this case, the parties agree to work together to attempt to submit an agreed upon protective order for entry by the Court.

7.      No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, the Local Civil Rules, or the Court's Pretrial Orders at this time. The parties respectfully request that the Court consider motions for leave to amend the foregoing discovery plan for good cause shown if a basis for any such adjustment is deemed necessary during the course of discovery.  The parties agree that discovery need not be conducted in phases.

8.      During their Rule 26(f) conference, Defendant notified Plaintiffs of its intention, should this matter proceed beyond the motion to dismiss stage, to file a counterclaim against plaintiff Accuracy Consulting, Ltd. for indemnity as well as third-party claims for indemnity against registrars for the radaris.com domain name and other potentially responsible persons.  In the event that third-parties are plead into the case, Plaintiffs may file cross-claims against such parties.

9.      During their Rule 26(f) conference, the parties engaged in preliminary discussions regarding early resolution of the case, but have been unable to resolve the matter.  The parties have agreed that the most effective alternative dispute resolution method for this case is a settlement conference before the Magistrate Judge assigned to this action, and will continue settlement discussions to identify a mutually agreeable date for a settlement conference.  The parties anticipate that a settlement conference will be most productive once they have had an opportunity to engage in preliminary discovery.

10.     The parties each waive appearance at the Rule 16(b) conference, which is currently scheduled for November 13, 2019 at 11:00 a.m.

11.     The parties do not at this time consent to trial before a United States Magistrate Judge.

Respectfully submitted,


 /s/  Timothy B. Hyland
Timothy B. Hyland
Virginia Bar No. 31163
Counsel for Defendant VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:    (703) 956-3566
Fax:    (703) 935-0349
Email:  thyland@hylandpllc.com


 /s/  Tyler Southwick
Tyler Southwick
Virginia Bar No. 91087
Counsel for Defendant VeriSign, Inc.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:    (703) 956-3566
Fax:    (703) 935-0349
Email:  tsouthwick@hylandpllc.com

5

   /s/  Ronald L. Johnston
Ronald L. Johnston
*Pro Hac Vice*
Counsel for Defendant VeriSign, Inc.
ARNOLD & PORTER KAYE SCHOLER, LLP
777 S. Figueroa Avenue, 44th Floor
Los Angeles, CA  90017
Tel.:    (213) 243-4000
Fax:     (213) 243-4199
Email:  ronald.johnston@arnoldporter.com


   /s/  James S. Blackburn
James S. Blackburn
*Pro Hac Vice*
Counsel for Defendant VeriSign, Inc.
ARNOLD & PORTER KAYE SCHOLER, LLP
777 S. Figueroa Avenue, 44th Floor
Los Angeles, CA  90017
Tel.:    (213) 243-4000
Fax:     (213) 243-4199
Email:  james.blackburn@arnoldporter.com


   /s/  Jeffrey H. Geiger
Jeffrey H. Geiger
Virginia Bar No. 40136
Counsel for Plaintiffs Bitseller Expert
Limited and Accuracy Consulting Ltd.
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Tel.:    (804) 783-7248
Fax:     (804) 783-7291
Email:  jgeiger@sandsanderson.com

  /s/  Valentin D. Gurvits
Valentin D. Gurvits
*Pro Hac Vice*
Counsel for Plaintiffs Bitseller Expert
Limited and Accuracy Consulting Ltd.
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel.:   (617) 928-1804
Fax:   (617) 928-1802
Email:  vgurvits@bostonlawgroup.com

  /s/  Matthew Shayefar
Matthew Shayefar
*Pro Hac Vice*
Counsel for Plaintiffs Bitseller Expert
Limited and Accuracy Consulting Ltd.
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel.:   (617) 928-1804
Fax:   (617) 928-1802
Email:  matt@bostonlawgroup.com

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of November, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Jeffrey H. Geiger, Esquire
> SANDS ANDERSON PC
> 1111 E. Main Street, Suite 2400
> Bank of America Plaza
> P.O. Box 1998
> Richmond, VA 23218
> jgeiger@sandsanderson.com

and that a copy of the foregoing and the NEF was sent by email on the same date to the following non-ECF users:

> Valentin D. Gurvits, Esquire
> Matthew Shayefar, Esquire
> BOSTON LAW GROUP, PC
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
> vgurvits@bostonlawgroup.com
> matt@bostonlawgroup.com

> /s/  Timothy B. Hyland
> Timothy B. Hyland
> Virginia Bar No. 31163
> Counsel for VeriSign, Inc.
> HYLAND LAW PLLC
> 1818 Library Street, Suite 500
> Reston, VA  20190
> Tel.:    (703) 956-3566
> Fax:    (703) 935-0349
> Email:  thyland@hylandpllc.com