# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| Bitseller Expert Limited;<br>Accuracy Consulting, Ltd., )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>Verisign, Inc; Does 1-10, )<br>)<br>*Defendants*. )<br>_____ ) | Civil Action No. 1:19-cv-1140-AJT-JFA |

## TIMOTHY B. HYLAND'S DECLARATION SUPPORTING VERISIGN, INC.'S MOTION TO DISMISS

November 12, 2019

Timothy B. Hyland (VSB No. 31163)
Tyler Southwick (VSB No. 91087)
Hyland Law PLLC
1818 Library Street, Suite 550
Reston, VA 20190
Phone: 703-956-3566
Fax: 703-935-0349
thyland@hylandpllc.com
tsouthwick@hylandpllc.com

*and*

Ronald L. Johnston (*pro hac vice*)
James S. Blackburn (*pro hac vice*)
E. Christopher Beeler (*pro hac vice*)
Arnold & Porter Kaye Scholer, LLP
777 S. Figueroa Avenue, 44th Floor
Los Angeles, CA 90017
Phone: 213-243-4000
Fax: 213-243-4199
ronald.johnston@arnoldporter.com
james.blackburn@arnoldporter.com
chris.beeler@arnoldporter.com

*Counsel for Defendant VeriSign, Inc.*

I, Timothy B. Hyland declare:

1.      I am a partner at Hyland Law PLLC, counsel of record for defendant VeriSign, Inc. ("Verisign") in the above-captioned action.  I make this declaration in support of Verisign's Motion to Dismiss.  Unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness could and would testify consistently thereto.

2.      Attached as Exhibit 1 to this Declaration are true and correct copies of domain name registration records for the <radaris.com> domain name from the publicly available WhoIs database located at www.domaintools.com, for the period April 27, 2011 through December 16, 2013.  Plaintiffs expressly reference publicly available WhoIs records for the <radaris.com> domain name at paragraph 19-20 of their Complaint.

3.      Attached as Exhibit 2 to this Declaration is a true and correct copy of Plaintiffs' "Notice of Emergency Motion and Emergency Motion for Relief from Default Judgment" filed on March 1, 2018 in the United States District Court for the Northern District of California in a case entitled *John Huebner et al. v. Radaris, LLC et al.*, No. 3:14-cv-4735-VC.

4.      Attached as Exhibit 3 to this Declaration is a true and correct copy of the current registry WhoIs record maintained by Verisign for the <radaris.com> domain name, which is publicly available at www.webwhois.verisign.com.

5.      Attached as Exhibit 4 to this Declaration is a true and correct copy of an order from the United States District Court for the Central District of California dismissing Plaintiffs' prior action against Verisign in the case captioned *Bitseller Expert Ltd. v. Verisign, Inc.*, No. 2:19-cv-2036.  Plaintiffs' prior action alleged the same conversion and trespass claims against Verisign as the instant action.

6.     Attached as Exhibit 5 to this Declaration is a true and correct copy of a declaration (excluding exhibits) filed on March 8, 2018 by Justin Kachadoorian in *John Huebner et al. v. Radaris, LLC, et al.*, No. 3:14-cv-4735-VC (C.D. Cal.) stating that GoDaddy, Inc. changed the registrant of <radaris.com> from Accuracy to the *Huebner* plaintiffs.

7.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 12, 2019 at Reston, Virginia.

Timothy B. Hyland

# Exhibit 1

## Whois Record on Dec 16, 2013

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Registration Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Edgar Lopin
Registrant Organization: ACCURACY CONSULTING LTD.
Registrant Street: PO Box 3469
Registrant Street: Geneva Place, Waterfront Drive
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Registrant Phone: +44.2035145353
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Edgar Lopin
Admin Organization: ACCURACY CONSULTING LTD.
Admin Street: PO Box 3469
Admin Street: Geneva Place, Waterfront Drive
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Edgar Lopin
Tech Organization: ACCURACY CONSULTING LTD.
Tech Street: PO Box 3469
Tech Street: Geneva Place, Waterfront Drive
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Phone Ext:



Screenshot taken Aug 20, 2013

© 2019 DomainTools, LLC All Rights Reserved

```
Tech Fax:
Tech Fax Ext:
Tech Email: webmaster-dept@radaris.com
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Dec 11, 2013

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Registration Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Site Administrator
Registrant Organization: Media Network
Registrant Street: P.O. Box 146
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Registrant Phone: +44.2035145353
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Site Administrator
Admin Organization: Media Network
Admin Street: P.O. Box 146
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Site Administrator
Tech Organization: Media Network
Tech Street: P.O. Box 146
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: webmaster-dept@radaris.com



Screenshot taken Aug 20, 2013

```
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Dec 9, 2013



Screenshot taken Aug 20, 2013

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Registration Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Site Administrator
Registrant Organization: Media Network
Registrant Street: P.O. Box 146
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Registrant Phone: +44.2035145353
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Site Administrator
Admin Organization: Media Network
Admin Street: P.O. Box 146
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Site Administrator
Tech Organization: Media Network
Tech Street: P.O. Box 146
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: webmaster-dept@radaris.com

```
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Dec 2, 2013

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Registration Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Site Administrator
Registrant Organization: Media Network
Registrant Street: P.O. Box 146
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Registrant Phone: +44.2035145353
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Site Administrator
Admin Organization: Media Network
Admin Street: P.O. Box 146
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Site Administrator
Tech Organization: Media Network
Tech Street: P.O. Box 146
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: webmaster-dept@radaris.com



Screenshot taken Aug 20, 2013

```
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Nov 25, 2013

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Registration Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Site Administrator
Registrant Organization: Media Network
Registrant Street: P.O. Box 146
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Registrant Phone: +44.2035145353
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: webmaster-dept@radaris.com
Registry Admin ID:
Admin Name: Site Administrator
Admin Organization: Media Network
Admin Street: P.O. Box 146
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: webmaster-dept@radaris.com
Registry Tech ID:
Tech Name: Site Administrator
Tech Organization: Media Network
Tech Street: P.O. Box 146
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: webmaster-dept@radaris.com



Screenshot taken Aug 20, 2013

© 2019 DomainTools, LLC All Rights Reserved

```
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

## Whois Record on Aug 13, 2013

Domain Name: RADARIS.COM
Registrar URL: http://www.godaddy.com
Updated Date: 2013-04-04 15:44:33
Creation Date: 2009-07-30 11:13:08
Registrar Expiration Date: 2022-07-30 11:13:08
Registrar: GoDaddy.com, LLC
Registrant Name: Site Administrator
Registrant Organization: Media Network
Registrant Street: P.O. Box 146
Registrant City: Road Town
Registrant State/Province: Tortola
Registrant Postal Code: Tortola
Registrant Country: Virgin Islands (British)
Admin Name: Site Administrator
Admin Organization: Media Network
Admin Street: P.O. Box 146
Admin City: Road Town
Admin State/Province: Tortola
Admin Postal Code: Tortola
Admin Country: Virgin Islands (British)
Admin Phone: +44.2035145353
Admin Fax:
Admin Email: webmaster-dept@radaris.com
Tech Name: Site Administrator
Tech Organization: Media Network
Tech Street: P.O. Box 146
Tech City: Road Town
Tech State/Province: Tortola
Tech Postal Code: Tortola
Tech Country: Virgin Islands (British)
Tech Phone: +44.2035145353
Tech Fax:
Tech Email: webmaster-dept@radaris.com
Name Server: NS1.RADARIS.COM
Name Server: NS2.RADARIS.COM



Screenshot taken Feb 8, 2013

---

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Apr 25, 2013



Screenshot taken Feb 8, 2013

```
    Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-22
        Last Updated on: 04-Apr-13

    Registrant:
    Media Network
    P.O. Box 146
    Road Town, Tortola Tortola
    Virgin Islands (British)

    Administrative Contact:
        Administrator, Site  webmaster-dept@radaris.com
        Media Network
        P.O. Box 146
        Road Town, Tortola Tortola
        Virgin Islands (British)
        +44.2035145353

    Technical Contact:
        Administrator, Site  webmaster-dept@radaris.com
        Media Network
        P.O. Box 146
        Road Town, Tortola Tortola
        Virgin Islands (British)
        +44.2035145353

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Mar 13, 2013



Screenshot taken Feb 8, 2013

```
    Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Registrant:
    Media Network
    P.O. Box 146
    Road Town, Tortola Tortola
    Virgin Islands (British)

    Administrative Contact:
        Administrator, Site  webmaster-dept@radaris.com
        Media Network
        P.O. Box 146
        Road Town, Tortola Tortola
        Virgin Islands (British)
        +44.2035145353

    Technical Contact:
        Administrator, Site  webmaster-dept@radaris.com
        Media Network
        P.O. Box 146
        Road Town, Tortola Tortola
        Virgin Islands (British)
        +44.2035145353

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```

## Whois Record on Dec 10, 2012

```
Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
Domain Name: RADARIS.COM
    Created on: 30-Jul-09
    Expires on: 30-Jul-19
    Last Updated on: 12-Apr-11

Registrant:
Media Network
P.O. Box 146
Road Town, Tortola Tortola
Virgin Islands (British)

Administrative Contact:
    Norden, Gary  garynor@radaris.com
    Media Network
    P.O. Box 146
    Road Town, Tortola Tortola
    Virgin Islands (British)
    +44.2035145353

Technical Contact:
    Norden, Gary  garynor@radaris.com
    Media Network
    P.O. Box 146
    Road Town, Tortola Tortola
    Virgin Islands (British)
    +44.2035145353

Domain servers in listed order:
    NS1.RADARIS.COM
    NS2.RADARIS.COM
```



Screenshot taken Mar 23, 2012

## Whois Record on Oct 2, 2012

```
Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
Domain Name: RADARIS.COM
    Created on: 30-Jul-09
    Expires on: 30-Jul-19
    Last Updated on: 12-Apr-11

Registrant:
Humanbook, Inc
831 Beacon Street
Suite 129
Newton Centre, Massachusetts 02459
United States

Administrative Contact:
    Norden, Gary  garynor@radaris.com
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States
    +1.8008619713

Technical Contact:
    Norden, Gary  garynor@radaris.com
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States
    +1.8008619713

Domain servers in listed order:
    NS1.RADARIS.COM
    NS2.RADARIS.COM
```



Screenshot taken Mar 23, 2012

## Whois Record on May 4, 2012



Screenshot taken Mar 23, 2012

```
Registrant:
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```

## Whois Record on Mar 12, 2012



Screenshot taken Nov 21, 2011

```
Registrant:
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Jan 1, 2012

```
Registrant:
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: Go Daddy
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```



Screenshot taken Nov 21, 2011

---

      © 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Dec 21, 2011



Screenshot taken Nov 21, 2011

```
Registrant:
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713     Fax --

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713     Fax --

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Sep 20, 2011

```
Registrant:
    Humanbook, Inc
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Humanbook, Inc
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713      Fax --

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```



Screenshot taken Dec 5, 2010

© 2019 DomainTools, LLC All Rights Reserved

## Whois Record on Apr 27, 2011

```
Registrant:
    Radaris LLC
    831 Beacon Street
    Suite 129
    Newton Centre, Massachusetts 02459
    United States

    Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
    Domain Name: RADARIS.COM
        Created on: 30-Jul-09
        Expires on: 30-Jul-19
        Last Updated on: 12-Apr-11

    Administrative Contact:
        Norden, Gary  garynor@radaris.com
        Radaris LLC
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713     Fax --

    Technical Contact:
        Norden, Gary  garynor@radaris.com
        Radaris LLC
        831 Beacon Street
        Suite 129
        Newton Centre, Massachusetts 02459
        United States
        +1.8008619713     Fax --

    Domain servers in listed order:
        NS1.RADARIS.COM
        NS2.RADARIS.COM
```



Screenshot taken Dec 5, 2010

---

© 2019 DomainTools, LLC All Rights Reserved

# Exhibit 2

Matthew Shayefar, Esq. (SBN 289685)
Boston Law Group, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 617-928-1806
Fax: 617-928-1802
matt@bostonlawgroup.com

Val Gurvits, Esq. (*pro hac vice* forthcoming)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

Attorneys for Non-Parties Accuracy Consulting Ltd. and Bitseller Expert Limited

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>RADARIS, LLC, a Massachusetts limited liability company;<br>RADARIS AMERICA, INC., a Delaware corporation; and<br>EDGAR LOPIN, an individual,<br><br>    Defendants. | Case No. 3:14-cv-04735-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR RELIEF FROM DEFAULT JUDGMENT**<br><br>Hearing Date:   TBD<br>Hearing Time:   TBD<br>Courtroom:      4<br>Judge:          Hon. Vince Chhabria |

1

**<u>NOTICE OF MOTION</u>**

2

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

3

**PLEASE TAKE NOTICE**, that at such date and time as the Court may set to be heard

4
before the Honorable Vince Chhabria of the above-entitled court located at 450 Golden Gate

5
Avenue, San Francisco, California 94102, Courtroom 4, Non-Parties Accuracy Consulting Ltd.

6
and Bitseller Expert Limited ("Movants"), will and hereby do move this Court for *emergency*

7
*relief* from the default judgment entered into this case on the basis that the actual owner of the

8
radaris.com domain name and the actual operator of the website at radaris.com were not named

9
as parties in this action, were not served in this action, and were not afforded an opportunity to

10
litigate the merits of this action before their property was taken.  Movants' due process rights

11
have been violated and the default judgment should be modified or vacated pursuant to Rule 60.

12
Accordingly, Movants request that this court issue an emergency injunction returning control of

13
the domain name and website to Movants, as Movants suffer staggering damages while the

14
domain name and website are out of their control.[1]

15
This Motion is based upon this Notice, the accompanying memorandum of points and

16
authorities, the supporting declarations filed herewith, the materials contained in the file of the

17
Court, any matter of which the Court takes judicial notice, and any further evidence submitted at

18
the time of the hearing or ruling, as the Court permits.

19
Dated: March 1, 2018                                        Boston Law Group, PC

20
                                                                        By /s/ Matthew Shayefar
                                                                            Matthew Shayefar
21
                                                                            Attorneys for Movants

22

23
[1] Movants reserve the right to move the Court to fully vacate the default judgment for the reasons set forth herein, but at this time, given the emergency nature of the taking of the domain name

24
and website, impress upon the Court the important nature of this limited request.

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2                          **INTRODUCTION**

3          Non-parties Accuracy Consulting Ltd. ("Accuracy") and Bitseller Expert Limited

4    ("Bitseller," and together with Accuracy, "Movants"),[2] by and through their undersigned

5    counsel, hereby request this Court's emergency relief to reverse the transfer of the domain name

6    radaris.com and website at the same address ordered transferred to Plaintiffs by this Court's

7    Order Granting Motion for Default Judgment (Docket No. 52) (the "Order").  As detailed herein,

8    the Order was obtained by filing the Complaint in this matter against the wrong parties, which

9    counsel for Plaintiffs knew or should have known was the case.  Accordingly, the Order has

10   violated the due process rights of Movants.  Moreover, the Order was obtained on false premises

11   and has caused damage to the non-parties Movants, which have never been given the opportunity

12   to defend against the false premises used by Plaintiffs' counsel to obtain Movants' property.  As

13   the domain name was recently transferred from the control of Accuracy, this Court's immediate

14   and emergency attention is required to stem the untold damage perpetrated on Movants.[3]  In

15   support of this Motion, Movants further state as follows:

16

17

18

19

---

20   [2] Movants make this motion by special appearance and do not hereby consent to the jurisdiction
     of this Court.  Without limiting the foregoing, should Movants ever be added to this lawsuit as
21   parties and served, Movants reserve the right to move to dismiss for lack of personal jurisdiction.
     [3] The radaris.com domain name began redirecting to Plaintiffs' website on or about February 26,
22   2018 and appeared to complete propagation on February 27, 2018.  On February 28, 2018, in
     accordance with paragraph 4 of Judge Chhabria's Standing Order for Civil Cases, counsel for
23   Movants emailed counsel for Plaintiffs to inform them of Movants' intent to seek emergency
     relief. *See* Shayefar Decl., filed herewith, ¶ 2 and Exhibit 1 thereto.  As of the filing of this
24   Motion, counsel for Plaintiffs had not responded to Movants' email.  *Id.*

                                        3
              Emergency Motion for Relief from Default Judgment – 3:14-cv-04735-VC

1

**FACTS**

2  **I.       Defendants Do Not Own or Operate the Radaris.com Website or Domain Name**

3              The Complaint in this matter was filed on October 24, 2014.  Docket No. 1.  The

4  Complaint was filed against Radaris, LLC, a Massachusetts limited liability company ("Radaris

5  MA"), Radaris America Inc., a Delaware corporation ("Radaris DE"), and Edgar Lopin, an

6  individual ("Mr. Lopin").  The Complaint alleges that Radaris MA and Radaris DE jointly

7  operate the website at radaris.com.  Complaint, ¶ 1.  It alleges that Mr. Lopin was a managing

8  officer of Radaris MA and Radaris DE and that he "runs and operates and is therefore

9  responsible for the content on the website radaris.com."  *Id.*, ¶ 10.  Even a minimal amount of

10  research by Plaintiffs would have indicated that these allegations were incorrect, and it is certain

11  that Plaintiffs knew them to be incorrect at the time of the filing of the Complaint and at all times

12  thereafter, including when Plaintiffs applied for default judgment on September 29, 2016

13  (Docket No. 46).

14              At the time of the filing of the Complaint, Radaris MA has already been a cancelled

15  entity in Massachusetts for nearly 10 months, citing in its filings with the Secretary of the

16  Commonwealth of Massachusetts that it "was not able to secure and provide public relations and

17  marketing services objectives as initially set at organization.  No funding."  *See* <u>Exhibit 2</u> to the

18  Declaration of Matthew Shayefar in Support of Emergency Motion ["Shayefar Decl."], filed

19  herewith.  The Certificate of Cancellation for Radaris MA was filed on December 12, 2013.  *Id.*

20  The Complaint was filed on October 24, 2014.  Accordingly, it is obvious that Radaris MA could

21  not have owned or operated the website at radaris.com.

22

23

24

Emergency Motion for Relief from Default Judgment – 3:14-cv-04735-VC

1    Radaris DE was also not the owner or operator of the website at radaris.com or the

2    registrant of that domain name at the time of the filing of the Complaint or at any time since.

3    This is also easily confirmable by looking at public documents and information.

4        For instance, the Terms of Use for the radaris.com website, at the filing of the Complaint,

5    stated explicitly "OPERATING COMPANY: Radaris is operated by Bitseller Expert LIMITED,

6    Nicosia Cyprus." *See* screenshot from Internet Archive Wayback Machine from October 22,

7    2014, Exhibit 3 to Shayefar Decl.  Up until February 26, 2018, right before Plaintiffs took

8    control of the domain name and website this exact same language appeared on the Terms of Use

9    for the radaris.com website.  *See* Exhibit 4 to Shayefar Decl.  The Terms of Use, both back at the

10   filing of the Complaint and until recently, very specifically indicated the limited relevance

11   Radaris DE had to the website, stating: "Public Relations Agency: Radaris has a public relations

12   agency located in the US. All public relations inquires should be sent to Radaris America, Inc,

13   831 Beacon Street, Ste 129, Newton Center, MA 02459 USA." *See* Exhibits 3 and 4 to Shayefar

14   Decl.[4]  It is obvious that Plaintiffs would have reviewed the Terms of Use for the radaris.com

15   website given how often they site to other portions of the website in the Complaint.  *See*

16   Complaint, footnotes 1-8.

17       The domain name for radaris.com was similarly not owned or registered to any of the

18   Defendants, which again would have been easily confirmed by Plaintiffs had they performed a

19   publicly accessible WhoIs search on the domain name.  Around the timing of the filing of the

20   Complaint, the radaris.com domain name was registered to Movant Accuracy.  *See* Exhibits 6-7

21   to Shayefar Decl.  The same was true when Plaintiffs filed for their default judgment.  *See*

22

23   _____
     [4] The same language was on the website approximate to the time that Plaintiffs filed their Motion
     for Default Judgment on September 29, 2016.  *See* printout from Internet Archive Wayback
24   Machine from September 23, 2016, Exhibit 5 to Shayefar Decl.

1    Exhibit 8 to Shayefar Decl.  The same was true as of February of 2018 around when Plaintiffs

2    forcibly took control of the domain name.  *See* Exhibit 9 to Shayefar Decl.  None of the

3    Defendants were the registrants (e.g. owners) of the radaris.com domain name.

4           As shown above, the operator of the website and owner of the domain name were at all

5    relevant times, as confirmable by easily accessible public records, **NOT** any of the Defendants

6    named in this action.  However, to the extent further confirmation of the foregoing is necessary,

7    filed herewith is a declaration on behalf of Bitseller.  *See*, *generally*, Declaration of Bitseller

8    Expert Limited in Support of Emergency Motion for Relief from Default Judgment ["Bitseller

9    Decl."], filed herewith.[5]

10

11   **II.     Plaintiffs Obtained a Default Judgment Against the Property of Persons Not Parties
              to this Litigation**

12          Notwithstanding the foregoing, on September 29, 2016, Plaintiffs moved this court for

13   default judgment against Defendants (Docket No. 46) on the basis of misrepresentations and this

14   Court granted Default Judgment on the basis of Plaintiffs' misrepresentations on June 19, 2017

15   (Docket No. 52).

16          The Order grants extraordinary injunctive relief against the website operated by Bitseller

17   and the domain name owned by Accuracy.  Without limitation, the Order requires that all service

18   providers of the radaris.com domain name and website cease providing services (including the

19   domain name registrar and hosting provider) and that the domain name registration be

20   transferred to the control of Plaintiffs.  Order, ¶¶ 5(a)-(c).  As part of the Order, this Court stated

21

22

---

23   [5] In case it was not obvious from the publicly accessible documents and information, Bitseller
     also confirms that Defendant Edgar Lopin was also not an operator of the radaris.com website or
24   the registrant of the radaris.com domain name.  Bitseller Decl., ¶ 8.

1  that "Any third parties subject to this Order may seek relief from the Court if they believe the

2  scope of injunctive relief requires clarification or correction."  Order., p. 5.

3       On or about February 26, 2018, Movants lost control of the website at radaris.com

4  because the domain name began pointing to another website.  Bitseller Decl., ¶ 10.  As a result of

5  the domain name pointing to another website, Movants have suffered staggering losses to their

6  businesses and reputations, and continue to suffer such damages as long as Movants do not have

7  control over the radaris.com domain name and the website at radaris.com.  *Id.*, ¶ 11.  Since

8  approximately February 26, the domain name has been moved under the control of Plaintiffs'

9  counsel and redirects to the website for this litigation.  *See* Shayefar Decl., ¶ 5.

10       As a result of the transfer of the registration of the radaris.com domain name, Accuracy

11  has suffered a loss of its property without ever having been named in this lawsuit, much less

12  served with the Complaint.  And as a result of the transfer of the operation of the website at the

13  radaris.com domain name, Bitseller's website was taken offline without ever having been named

14  in this lawsuit, much less served with the Complaint.

15

**ARGUMENT**

16

**I.**     **The Taking of Movants' Property Without Notice and Opportunity for Hearing is a**

17         **Violation of the Due Process Clause of the Constitution**

18       Movants' rights under the Due Process Clause of the U.S. Constitution have been

19  violated as a result of the taking of their website and domain name without being served the

20  Complaint (or even being named in the Complaint) and without being given an opportunity to

21  litigate this case on the merits.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339

22  U.S. 306, 313 (1950) ("Many controversies have raged about the cryptic and abstract words of

23  the Due Process Clause but there can be no doubt that at a minimum they require that deprivation

24

1    of life, liberty or property by adjudication be preceded by notice and opportunity for hearing

2    appropriate to the nature of the case."); *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219

3    F.R.D. 494, 500 (C.D. Cal. 2003) ("Due process requires that all interested parties be given

4    notice reasonably calculated to apprise them of the pendency of the action and be afforded

5    opportunity to present their objections before a final judgment is rendered.").

6         When the interested parties are not even named in the Complaint, as is the case here, the

7    concerns of due process violations are even graver and a judgment without adding the interested

8    party violates principles at the very heart of American legal values.  "All agree that '[i]t is a

9    principle of general application in Anglo-American jurisprudence that one is not bound by a

10   judgment *in personam* in a litigation in which he is not designated as a party or to which he has

11   not been made a party by service of process.'...  This rule is part of our 'deep-rooted historic

12   tradition that everyone should have his own day in court.'"  *Martin v. Wilks*, 490 U.S. 755, 761-

13   62 (1989) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) and 18 C. Wright, A. Miller, & E.

14   Cooper, Federal Practice and Procedure § 4449, p. 417 (1981); other citations omitted).  "A

15   person who was not a party to a suit generally has not had a "full and fair opportunity to litigate"

16   the claims and issues settled in that suit."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  *See,*

17   *also, Mason v. Genisco Technology Corp.*, 690 F.2d 849, 851 (9th Cir. 1992) ("A person is not

18   bound by a judgment in a litigation to which he or she has not been made a party by service of

19   process." (citing *Yniguez v. Arizona*, 939 F.3d 727, 735 (9th Cir. 1991))).

20        Accordingly, because neither Accuracy nor Bitseller were served in this litigation nor

21   were they even named as parties to this litigation, the judgment against them (namely, the default

22   judgment that has taken their property and business), is in violation of due process.  Therefore,

23   the default judgment as it applies to them and their property must be vacated.  At the very least,

24

1    given the emergency circumstances of the damage being perpetrated on Accuracy and Bitseller

2    by the taking of the radaris.com domain name and website, this Court should immediately order

3    that the domain name and website be returned to their control until such time as the remaining

4    issues are resolved.[6]

5    **II.      Movants Should Be Relieved from the Default Judgment Pursuant to Rule 60(b)**

6             In addition to the due process concerns that counsel that the default judgment should be

7    reversed or vacated (at least partially), there is sufficient basis pursuant to Federal Rule of Civil

8    Procedure Rule 60(b) to grant relief to Movants.  Rule 60(b) permits the Court to grant relief

9    from a final judgment for at least four applicable reasons: "(1) mistake, inadvertence, surprise, or

10   excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic),

11   misrepresentation, or misconduct by an opposing party; (4) the judgment is void; ... or (6) any

12   other reason that justifies relief."

13            First, there has obviously been a mistake (whether caused intentionally by Plaintiffs or

14   not) as to the operator of the radaris.com website and the owner of the radaris.com domain name.

15   This Court was under the impression that the domain name and website were owned and

16   operated by the named Defendants in this case (who did not respond to the Complaint), and it is

17   on that basis that it granted the injunctive relief that transferred ownership and operation of the

18   domain name and website to Plaintiffs.  This impression was incorrect and therefore the

19   injunctive relief should not have been granted.

20            Second, given the easily publicly available information about the actual owners and

21   operators of the domain name and website (as detailed above), it is clear that Plaintiffs and their

22   counsel have perpetrated fraud, misrepresentation and/or misconduct in order to obtain the

23

---

24   [6] Movants reserve the right to move for further relief on the basis of the arguments herein.

1   default judgment and control over the domain name and website.  Plaintiffs failed to name the

2   right parties to the lawsuit, despite it being explicitly listed on the radaris.com website.  Plaintiffs

3   failed to inform the Court as to the identity of the owners and operators despite it being easily

4   accessible public information.  Unperturbed by the foregoing, Plaintiffs continued forward,

5   providing to the Court the incorrect information so that they could obtain the domain name and

6   website from Movants without due process (and without even an attempt of serving the right

7   parties).  These actions and omissions constitute fraud, misrepresentation or, at the very least,

8   misconduct by Plaintiffs.

9       Third, the judgment is void as it applies to Movants.  *See In re Center Wholesale, Inc.*,

10  759 F.2d 1440, 1448 (9th Cir. 1985) (a judgment is void "if the court that rendered the judgment

11  lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner

12  inconsistent with due process of law"); *In re Cossio*, 163 B.R. 150, 154 (9th Cir. 1994) ("[T]here

13  is no discretion to refuse vacating a judgment if it is void....  When it is found that there has been

14  defective service of process, the judgment is void...."); *Mason v. Genisco Technology Corp.*, 960

15  F.2d 849, 851 (9th Cir. 1992) ("Hence, if Genisco failed to serve Mason properly in the earlier

16  action, the default judgment is void and has no res judicata effect in this action.").  Because

17  Movants were never served in this matter, the Court lacked jurisdiction over Movants, and

18  therefore the default judgment is void as to them.  Accordingly, their property may not be taken

19  by way of the void judgment.

20      Finally, there is ample other reason to reverse or vacate the default judgment as it applies

21  to the property and businesses of Movants.  Movants are not United States entities and therefore

22  it is doubtful that this Court could ever exercise jurisdiction over them and their properties even

23  if they were properly served – however that will never be determined if Plaintiffs are permitted

24

1   to take the domain name and website by obtaining defaults against the wrong parties.  Moreover,

2   *if* Plaintiffs ever properly name Movants as parties to this action, and *if* Plaintiffs ever properly

3   serve Movants, and *if* this Court finds that it has personal jurisdiction over Movants and their

4   property, then even then Movants are entitled to dispute the unproven allegations of Plaintiffs on

5   the merits of this action.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (there is a

6   "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

7   merits"); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("We have articulated two policy

8   concerns which guide our review of Allen's motion under Rule 60(b).  First, Rule 60(b) is meant

9   to be remedial in nature and therefore must be liberally applied....  Second, judgment by default

10  is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

11  decided on the merits." (citations omitted)).

12      Accordingly, under any of these four prongs of Rule 60(b), this Court should vacate,

13  reverse or otherwise grant relief from the default judgment and return the radaris.com domain

14  name and website to the control of Movants.

15                                **CONCLUSION**

16      On the basis of the foregoing, Movants request that this Court grant this Emergency

17  Motion for Relief from Default Judgment and grant the requested relief set forth in the enclosed

18  proposed order.

19  DATED:      March 1, 2018              Boston Law Group, PC

20                                         By /s/ Matthew Shayefar
                                              Matthew Shayefar
21                                            Attorneys for Movants

22

23

24

# Exhibit 3

Whois

Verisign's WHOIS tool allows users to look up records in the registry database for all registered .com, .net, .name, .cc, .tv and .edu domain names. It also supports Internationalized Domain Names (IDNs) such as .コム, .닷컴, .닷넷 and .كوم.

# Search Whois:

**United States**

Login

| Domain | Registrar | Name Server |
|---|---|---|

radaris                                    .com        SEARCH

**SEARCH QUERY INSTRUCTIONS**

Your search for **radaris.com** returns the below results:

Domain Name: RADARIS.COM
Registry Domain ID: 1564046797_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Updated Date: 2018-05-29T17:40:07Z
Creation Date: 2009-07-30T16:13:08Z
Registry Expiry Date: 2023-07-30T16:13:08Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: 480-624-2505
Domain Status: ok https://icann.org/epp#ok
Name Server: NS-1186.AWSDNS-20.ORG
Name Server: NS-1859.AWSDNS-40.CO.UK
Name Server: NS-60.AWSDNS-07.COM
Name Server: NS-957.AWSDNS-55.NET
DNSSEC: unsigned
URL of the ICANN Whois Inaccuracy Complaint Form: https://www.icann.org/wicf/
>>> Last update of whois database: 2019-11-11T22:24:01Z <<<

For more information on Whois status codes, please visit https://icann.org/epp

Case 1:19-cv-01140-AJT-JFA   Document 27-1   Filed 11/12/19   Page 40 of 53 PageID# 260

NOTICE: The expiration date displayed in this record is the date the
registrar's sponsorship of the domain name registration in the registry is
currently set to expire. This date does not necessarily reflect the expiration
date of the domain name registrant's agreement with the sponsoring
registrar.  Users may consult the sponsoring registrar's Whois database to
view the registrar's reported date of expiration for this registration.

TERMS OF USE: You are not authorized to access or query our Whois
database through the use of electronic processes that are high-volume and
automated except as reasonably necessary to register domain names or
modify existing registrations; the Data in VeriSign Global Registry
Services' ("VeriSign") Whois database is provided by VeriSign for
information purposes only, and to assist persons in obtaining information
about or related to a domain name registration record. VeriSign does not
guarantee its accuracy. By submitting a Whois query, you agree to abide
by the following terms of use: You agree that you may use this Data only
for lawful purposes and that under no circumstances will you use this Data
to: (1) allow, enable, or otherwise support the transmission of mass
unsolicited, commercial advertising or solicitations via e-mail, telephone,
or facsimile; or (2) enable high volume, automated, electronic processes
that apply to VeriSign (or its computer systems). The compilation,
repackaging, dissemination or other use of this Data is expressly
prohibited without the prior written consent of VeriSign. You agree not to
use electronic processes that are automated and high-volume to access or
query the Whois database except as reasonably necessary to register
domain names or modify existing registrations. VeriSign reserves the right
to restrict your access to the Whois database in its sole discretion to ensure
operational stability.  VeriSign may restrict or terminate your access to the
Whois database for failure to abide by these terms of use. VeriSign
reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and
Registrars.

By submitting a Whois search, the user agrees to abide by the Terms of Use.

LEGAL NOTICES                    PRIVACY (UPDATED)

© 2019 VeriSign, Inc. All rights reserved.

VERISIGN, the VERISIGN logo, and other trademarks, service marks, and designs are registered or unregistered trademarks of
VeriSign, Inc. and its subsidiaries in the United States and in other countries.

All other trademarks are property of their respective owners.

# Exhibit 4

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|

| Title | Bitseller Expert Limited v. Verisign Inc., et al. | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On March 21, 2019, the Court issued an Order dismissing the complaint filed by plaintiff Bitseller Expert Limited ("Plaintiff") against defendant Verisign, Inc. ("Defendant") with leave to amend, and ordered Plaintiff to show cause why this action should not be dismissed or transferred for improper venue. (Docket No. 11.) The Court is now in receipt of Plaintiff's First Amended Complaint ("FAC," Docket No. 14) and response to the Order to Show Cause (Docket No. 15). Defendant has not appeared in this action.

28 U.S.C. § 1391(b) provides that

[a] civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may sua sponte dismiss or transfer an action under section 1406(a) as long as a defendant has not waived its right to object to venue. Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986).

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

### Section 1391(b)(1)

     Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because [Defendant] resides in this judicial district." (FAC ¶ 6.) Defendant is alleged to be "a corporation incorporated in the State of Delaware and under the laws of Delaware with a principal place of business [in] . . . Reston, VA . . . ." (Id. ¶ 2.) Plaintiff also alleges that Defendant has been registered with the Secretary of State to do business in California since 1995; maintains an office in California; "maintains significant physical resources in the State of California (including technology, personnel and other assets) that relate to the operation of its domain registry business"; has signed an agreement with the Internet Corporation for Assigned Names and Numbers allowing Defendant to "operate[] and maintain[] the .com registry (which includes the radaris.com domain name that is the subject of this lawsuit)" and which agreement "is subject to the jurisdiction and exclusive venue of the courts located in Los Angeles County, California, within this Judicial District"[1]; "maintains significant physical resources in the State of California (including servers, employees and other assets) that relate to the operation of its domain registry business"; and "has availed itself of the privilege of doing business in this Judicial District," including by participating in litigation in this District. (Id. ¶¶ 7-9; see Docket No. 15 at 2, 3-6.)

     For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977) (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975). A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there."

---

[1]     Plaintiff has not established that venue is proper in this District as a result of that forum-selection clause, as Plaintiff has not "demonstrate[d] [a] direct relationship with the contract . . . or with one of the parties to that contract," such as by showing that Plaintiff is "(1) a third-party beneficiary to the contract; (2) a successor in interest to the contract; or (3) an agent intended to benefit from the clause." See Notorious B.I.G. LLC v. Hutson, No. CV 14-02415 SJO (JCx), 2014 WL 12589626, at *3 (C.D. Cal. July 3, 2014) (internal quotation marks omitted). Plaintiff does not assert any such relationship, and in fact the agreement expressly provides that it "shall not be construed to create any obligation by either ICAAN . . . or [Defendant] to any non-party to this Agreement, including any registrar or registered name holder." (Docket No. 15-11 at 34.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|

| Title | Bitseller Expert Limited v. Verisign Inc., et al. |
|---|---|

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

Here, neither Defendant's state of incorporation nor principal place of business, the "paradigm all-purpose forums" where a corporation is subject to general jurisdiction, are in California. See Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014). Neither Defendant's maintenance of a server facility or other resources nor its registration to do business in California is sufficient to subject it to general jurisdiction. See, e.g., Ayunan v. Caktiong, No. CV 15-9355-RSWL-PLAx, 2016 WL 738288, at *5-7 (C.D. Cal. Feb. 23, 2016). Nor does that fact that Defendant has previously litigated unrelated actions in this District establish that it is subject to personal jurisdiction. See Webcor Constr., LP v. Zurich Am. Ins. Co., No. 17-cv-02220-YGR, 2017 WL 5068674, at *3 (N.D. Cal. Nov. 3, 2017) (distinguishing cases "in which the defendant had admitted facts in other litigation indicating that personal jurisdiction was proper in a particular court" and finding that because no similar evidence was presented, "the unrelated litigation does nothing to establish continuous and systematic activity in California by [the defendant]"). "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Daimler, 134 S. Ct. at 761 n.19 (citation omitted); see Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014). Plaintiff fails to demonstrate that such circumstances are present here.

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out-of-state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Further, the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|

| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

> (1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2)   The claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3)   The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). As to the first part of the test, a "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Id. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475-76). The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Bancroft & Masters, 223 F.3d at 1087; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)).

Here, Plaintiff asserts causes of action for conversion and trespass to chattels relating to the allegedly wrongful transfer of a domain name operated by Plaintiff. (FAC ¶¶ 39-49.) Because these are tort claims, a "purposeful direction" analysis applies. See, e.g., Freedman v. Peck, No. CV 10-04447 DDP (FMOx), 2010 WL 3749294, at *2 & n.2 (C.D. Cal. Sept. 21, 2010) (applying "purposeful direction" analysis to claim for conversion). There is no indication that in transferring the domain name, Defendant "expressly aimed" its conduct at California, or that Defendant knew that any harm from that transfer would be suffered here. Plaintiff's claims revolve around the transfer of its domain name in the course of litigation that took place in the Northern District of California. None of the defendants in that litigation, from whom the domain names were transferred, appear to be located in California. (FAC ¶ 17.) Nor is Plaintiff, which is incorporated in the Republic of Cyprus and has its

Case 2:19-cv-02036-PA-GJS   Document 16   Filed 04/10/19   Page 5 of 6   Page ID #:339

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

principal place of business in Ukraine. (Id. ¶ 5; see also Docket No. 15 at 6 (stating that Plaintiff "has no specific connection to the Central District of California").) It is not relevant that Defendant may have acted at the behest of third parties located in this District (see Docket No. 15 at 1-2, 7-8); the "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015). The Court thus finds that neither the second nor the third prong of the Calder "effects" test is satisfied. See, e.g., One True Vine, LLC v. Liquid Brands LLC, No. C 10-04102 SBA, 2011 WL 2148933, at *7 (N.D. Cal. May 31, 2011) ("Since Defendant did not know that Plaintiff was located in this forum, it logically could not have known that the harm from [its conduct] would be suffered here."); see also B.J.F. v. PNI Dig. Media Inc., No. C15-1643-MJP, 2016 WL 4014113, at *3 (W.D. Wash. July 27, 2016) (finding lack of personal jurisdiction and improper venue in case involving data breach where the plaintiffs were not residents of the forum and no allegations in the complaint established how the use of the defendant's software was connected to the forum).

The Court thus concludes that Plaintiff has failed to allege facts establishing that Defendant is subject to personal jurisdiction in this District and, therefore, that venue is proper under section 1391(b)(1).

### Section 1391(b)(2)

Plaintiff alleges that "[i]n the alternative, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district." (FAC ¶ 6.)

"[T]he Ninth Circuit has adopted the view that 'the locus of the injury' is a relevant factor in determining where a substantial part of the events or omissions occurred. Accordingly, some courts have concluded that, for purposes of venue, a defendant's acts over the internet may constitute 'events and omissions' in the venue where their effects are felt. " Volks USA Inc. v. A2 Hosting, Inc., No. CV16-4277-CAS(Ex), 2016 WL 6808113, at *3 (C.D. Cal. Nov. 16, 2016) (citation omitted). As just discussed, Plaintiff is not located in this District, and it is not clear how effects of the allegedly wrongful transfer of the domain name otherwise would have been felt in this district. For those same reasons, the locus of Plaintiff's alleged injury is not in this District. See B.J.F., 2016 WL 4014113, at *3.

The Court thus concludes that Plaintiff has failed to allege facts establishing that a substantial part of the events giving rise to its claims occurred in this District and, therefore, that venue is proper under section 1391(b)(2).

### Section 1391(b)(3)

Plaintiff alleged in its original complaint that "venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which the action may otherwise be brought and

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2036 PA (GJSx) | Date | April 10, 2019 |
|---|---|---|---|
| Title | Bitseller Expert Limited v. Verisign Inc., et al. | | |

[Defendant] is subject to this Court's personal jurisdiction with respect to this action." (Docket No. 1 ¶ 6.)  Plaintiff no longer alleges that venue is proper under section 1391(b)(3) in the FAC, and Plaintiff concedes in its response to the Court's Order to Show Cause that this action could have been brought in the District of Delaware or the Eastern District of Virginia.  (Docket No. 15 at 3.)

### Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish that venue is proper in this District.  Accordingly, the Court dismisses this action without prejudice for improper venue.

IT IS SO ORDERED.

# Exhibit 5

1    ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
     anthony@counselonegroup.com
2    ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
     alexandria@counselonegroup.com
3    JUSTIN KACHADOORIAN, Cal. Bar No. 260356
     justin@counselonegroup.com
4    COUNSELONE, P.C.
     9301 Wilshire Boulevard, Suite 650
5    Beverly Hills, California 90210
     Telephone: (310) 277-9945
6    Facsimile: (424) 277-3727

7    Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
     LANGTON, on behalf of themselves and others similarly
8    situated

9

10                  UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13   JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, | Case No. 3:14-cv-04735-VC |
| 14 | [Assigned to the Honorable Vince Chhabria] |
| 15           Plaintiffs, | |
| 16        v. | **DECLARATION OF JUSTIN KACHADOORIAN IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION FILED BY ACCURACY CONSULTING LTD. AND BITSELLER EXPERT LTD.** |
| 17   RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, | |
| 18 | |
| 19 | |
| 20          Defendants. | |

21

22

23

24

25

26

27

28

### Declaration of Justin Kachadoorian

I, Justin Kachadoorian, declare:

1.    I am a competent adult, over the age of eighteen and counsel of record for plaintiffs John Huebner and Irmin Langton ("Plaintiffs") in the above-captioned action.

2.    I am an attorney at CounselOne, PC and have been involved in this case since its inception. The following is based upon my personal knowledge, and if called as a witness I could and would competently testify thereto.

3.    Class Counsel began investigating radaris.com in or around the fall of 2013, and on December 14, 2013, they posted a website (radarisclassactionlawsuit.com) asking members of the public about their experiences with radaris.com and advertising their legal services.

4.    In March 2014, Plaintiffs retained Class Counsel to prosecute this class action, and on May 27, 2014, Plaintiffs sent letters to Radaris America, Inc. and Edgar Lopin. Plaintiffs received no response to these letters.

5.    On April 29, 2014, a separate action was filed against Radaris America, Inc., Radaris, LLC, and Edgar Lopin in Los Angeles Superior Court titled *Doe v. Radaris, LLC, et al.*, Case No. BC544146. The summons and complaint in that action were drop served on the defendants' agent, "who refused to accept service of process." Attached hereto as **Exhibit A** is a true and correct copy of the proof of service of summons filed in *Doe v. Radaris, LLC, et al.*

6.    In February 2015, after Radaris America, Inc. had defaulted and while Plaintiffs were attempting to serve co-defendants Radaris, LLC and Edgar Lopin, Plaintiffs were contacted by attorneys Matthew Shayefar and Val Gurvits of the Boston Law Group, located in Boston, purportedly representing all three Defendants. The attorneys requested an extension of time to respond to the Complaint. They also advised that Defendants wanted to mediate the case, and engaged in discussions regarding the place for mediation and potential mediators: "Our client has agreed to mediate this case in Boston in May, preferably before a US Magistrate Judge. Please let us know if this is acceptable to you and we will begin preparations."

7.    Plaintiffs notified the Boston attorneys of the first Case Management Conference ("CMC") in this action, and Plaintiffs sent them the Case Management Statement and arranged for

1

1   their telephonic participation at the CMC.  On March 31, 2015, the morning of the CMC, the Boston

2   attorneys advised that they would not appear on Defendants' behalf in this matter.

3        8.      They explained that while they believed the Boston Law Group was being retained,

4   Defendants were rethinking the costs involved in defending the action but might still be agreeable

5   to mediation in Boston.

6        9.      When Plaintiffs inquired whether the Boston Law Group could accept service of

7   process on April 3, 2015, the attorneys completely changed position.  The Boston Law Group

8   suddenly claimed they had not been retained, only that they had represented Defendants in the past,

9   that they had no way to presently contact Defendants, and that they were not authorized to accept

10  service, though they somehow knew that Lopin may be in Russia.

11       10.     Attached hereto as **Exhibit B** is a true and correct copies of emails exchange between

12  the Boston Law Group and CounselOne, PC.

13       11.     On February 14, 2018, class counsel sent a letter and email to euroDNS, which is

14  the former domain name registrar for radaris.com, requesting compliance with the Court's Order

15  and Judgment.

16       12.     EuroDNS refused to comply with the Court's Order and Judgment.  A true and

17  correct copy of the response from euroDNS to Class Counsel is attached hereto as **Exhibit C**.

18       13.     Thereafter class counsel requested Verisign, Inc., a US company that is the official

19  operator of the .com registry, to change the registrar of record from euroDNS to GoDaddy, Inc.,

20  another US company.

21       14.     Verisign complied with the Court's order, and GoDaddy thereafter changed the

22  registrant to Plaintiffs care of class counsel.

23       15.     Pursuant to the Court's Order [Dkt. No. 52, at ¶ 5.c], Plaintiffs instituted a domain

24  name redirection to http://radarisclassaction.com, whereon copies of this Order and other documents

25  related to this case are displayed.

26       16.     On March 2, 2018, I called Matthew Shayefar, counsel for Movants, to discuss a

27  resolution of the instant motion.  During the call Mr. Shayefar refused to accept service on behalf

28  of his clients or otherwise engage with class counsel regarding the dispute.

Case No. 3:14-cv-04735-VC
Declaration of Justin Kachadoorian

1      17.     However, following the call I proposed suspending the redirect to

2    radarisclassaction.com until the Court decides the instant motion, to which proposal Mr. Shayefar

3    has agreed.

4      18.     On or around March 2, 2018, I performed a search for "Accuracy Consulting

5    Limited" and "Accuracy Consulting Ltd." at official websites in California,[1] Delaware,[2] and

6    Massachusetts,[3] as well as the Republic of Cyprus,[4] but these searches returned no results.

7      19.     On or around March 2, 2018, I performed a search of the Department of Registrar of

8    Companies and Official Receiver in Cyprus (where the registrant of radaris.com is purportedly

9    located) does not list any companies called "Accuracy Consulting Ltd." The closest search result is

10    for an "Accuracy Consult*ancy* Ltd.," which is identified as "Not Registered Organization."

11    Attached hereto as **Exhibit D** are true and correct copies of the search pages on the website

12    maintained by Department of Registrar of Companies and Official Receiver in Cyprus.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    [1] https://businesssearch.sos.ca.gov/

27    [2] https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx
    [3] http://corp.sec.state.ma.us/corpweb/CorpSearch/CorpSearch.aspx

28    [4] https://efiling.drcor.mcit.gov.cy/DrcorPublic/SearchForm.aspx?sc=0&lang=EL&cultureInfo=en-AU

3

1    20.    Attached hereto as **Exhibit E** are printouts from the historical WhoIs report for

2    radaris.com that I obtained from DomainTools.com on March 4, 2018.

3    I declare under penalty of perjury under the laws of the United States and the State of

4    California that the foregoing is true and correct.

5    Executed March 8, 2018.

6

7                                          By: /s/ Justin Kachadoorian

8

9

10

11

12

13

14

15

16

17

18                                **SIGNATURE ATTESTATION**

19    I, Alexandria Kachadoorian, am the ECF User whose ID and password are being used to file

20    this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in

21    the filing of the document has been obtained from each of the other signatories.

22                                          By:    /s/ Alexandria Kachadoorian
                                                Alexandria Kachadoorian

23

24

25

26

27

28

Case No. 3:14-cv-04735-VC
Declaration of Justin Kachadoorian